## Case No. 17,650.

### WILDER v. McCORMICK.

[2 Blatchf. 31; [1] 1 Fish. Pat. Rep. 128.]

Circuit Court. S. D. New York. Nov. 19, 1846.

PLEADING—VARIANCE BETWEEN DECLARATION AND WRIT—WAIVER—DEMURRER—DECLARATION ON PATENT—PRESUMPTIONS FROM PATENT—PROFERT—DAMAGES.

1. Where it is assigned, as cause of demurrer to a declaration, that it is not properly entitled, but the defect is not pointed out until the argument. and is then alleged to consist in a variance between the declaration and the writ, the court cannot act upon it on such a suggestion.

2. But, even if such an objection were properly raised, an amendment of the error would be allowed.

3. Variances between the declaration and the writ cannot be taken advantage of on general demurrer.

4. In a declaration on letters patent for an invention. it is not necessary to aver at what specific time the invention patented was made; it need only be before the application for the patent.

5. The grant of letters patent is itself sufficient evidence that all the preliminary steps required by law were properly taken by the patentee; and it is not necessary, in a declaration on a patent, to plead the taking of any of those steps.

[Cited in Spaeth v. Barney. 22 Fed. 829. Cited in brief in Fassett v. Ewart Manuf'g Co., 58 Fed. 364.]

6. A declaration on a patent must tender an issue on the novelty and utility of the discovery patented, but it need not show the regularity of the proceedings in the patent office preliminary to the grant.

7. The authority of the commissioner of patents in granting a patent is not of the nature of jurisdiction, in its common law acceptation, and the doctrine appertaining to the judgments of tribunals of inferior jurisdiction, when pleaded, is not applicable to his acts.

8. A declaration on a patent, which avers the patent and specification to be "in language of the import and to the effect following." and then sets them forth in haec verba, is sufficient, and is not open to the objection that the patent is not set forth according to its legal tenor and effect.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

9. An averment that the patent and specification are "ready in court to be produced." is equivalent to a profert in its most formal terms.

[Cited in Bogart v. Hinds, 25 Fed. 484.]

10. A reiteration of infringements of a patent may be sued for in one action.

11. A declaration for the infringement of a patent, commencing in case, and concluding by demanding actual damages in gross in compensation of the wrong, is good.

12. Where a declaration on a patent, though not formal, embodies all that is essential to enable the plaintiff to give evidence of his right and of its violation, and affords to the defendant the opportunity to interpose every defence allowed him by law, the court will not encourage merely critical objections, and will seek, even on special demurrer, to sustain the declaration.

This was an action on the case for the infringement of letters patent. The defendant [Michael McCormick] demurred to the declaration, assigning fifteen special causes of demurrer. The plaintiff [Benjamin G. Wilder] joined.

John B. Staples, for plaintiff.

Eugene Casserly, for defendant.

Before NELSON. Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. Most of the causes of demurrer in this case are of an extremely technical character, touching very slightly the merits of the action. They can be best disposed of by considering them numerically in their order.

The first cause is, that the declaration is not properly entitled, but the defect or imperfection is not pointed out. It was alleged on the argument that the writ was returnable on the 19th of February, whereas the placita was of the 20th. If this objection was intrinsically of ever so great importance, the court most manifestly would not act upon it on a suggestion so made. But, if the objection had come up on oyer of the writ, or by setting out the writ in haec verba in the demurrer book, the court would. under the statute. allow an amendment of an error so trivial. Act Sept. 24, 1789, § 32 (1 Stat. 91). Variances between the declaration and the writ cannot, however. be taken advantage of on general demurrer. Duvall v. Craig, 2 Wheat. [15 U. S.] 45. This cause of demurrer is overruled.

The second cause assigned is, that the declaration does not aver at what time the invention patented was made. Time is not, in this case, a traversable particular. in the sense of special pleading. The patent law nowhere requires the patentee to allege or prove the specific time of his invention. It need only be before his application for a patent; and it is wholly immaterial to the validity of the patent, and to the character of the pleading to be interposed by the defendant, whether the invention was long antecedent to the application or directly preceded it. The act of July 4th, 1836 (5 Stat. 119, § 6), entitles the person who invents or discovers a new man-

ufacture, &c., not known or used by others before his discovery, to take out a patent. Should evidence be offered by the defendant, tending to defeat the patent, because it was taken out before the discovery was made, it would be clearly sufficient for the patentee, in its support, to prove that he made the discovery at any period, however short, previous to his application for the patent. Mellus v. Silsbee [Case No. 9,404]; 2 Greenl. Ev. § 492. The averment demanded by this cause of demurrer is not inserted in approved precedents of declarations for infringements of patents. 2 Greenl. Ev. § 487, note 1; Phil. Pat. 520; 2 Chit. Pl. 320. The second cause must, therefore, be disallowed.

The third and fourth causes cannot be sustained. The third is, that it does not appear that the application for the patent was in writing, nor to whom it was made. The fourth is, that it does not appear that the commissioner of patents had any rightful authority to grant the patent. These causes are founded upon supposed requisites of the statute, not averred in the declaration to have been complied with, and are also supposed to be supported by general principles governing proceedings in tribunals of inferior jurisdiction. If the matters which it is alleged should be set forth in the declaration would call for the application of those principles in case they were pleaded by way of justification and in defence of acts done, or as a protection to the party pleading them, which would at least be a doubtful proposition (Martin v. Mott, 12 Wheat. [25 U. S.] 19), it would not necessarily follow that the same method of pleading must be pursued in declaring upon a private title or a grant emanating from functionaries acting under statutory authority (Day v. Chism, 10 Wheat. [23 U. S.] 449; Bank of U. S. v. Smith, 11 Wheat. [24 U. S.] 171; Carroll v. Peake, 1 Pet. [26 U. S.] 18, 23). The third cause of demurrer rests upon the assumption that the plaintiff must, in his pleading, specify all the acts done by him to obtain a patent, in order that it may appear upon the face of the declaration that the mode of proceeding pointed out by the statute has been pursued. But the case of Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448, disposes of this and all the other objections that fall within the same class. The grant of the patent is itself sufficient evidence that all the preliminary steps required by law were properly taken. And, as the plaintiff may make his patent the direct and efficient proof, in the first instance, of his right to the grant, so, a fortiori, it would seem to be unnecessary for him to plead any of the particulars which conduced to the grant. It is sufficient to set forth the grant in substance. Tryon v. White [Case No. 14,208]. The fourth cause of demurrer is founded upon a misapplication of a doctrine appertaining to the acts of legal tribunals, where a court of inferior jurisdiction takes cognizance of a case and renders judg-

ment, and he who sets up such judgment in support of his own interests must aver and prove that the tribunal had jurisdiction in the matter. The authority of the commissioner of patents, or of the commissioner of the land office, or of the president, (whose former functions in this behalf are now exercised by those officers,) to issue grants, is not of the nature of jurisdiction, in its common law and technical acceptation. As in regard to patents for land, so in regard to patents for inventions, the proper officer issues the grant when he has evidence satisfactory to his own mind that the claimant is entitled to receive it. But that adjudges nothing as to the real right. That question is unaffected, and remains to be examined and decided between parties contesting it, without prejudice or advantage from the letters patent. We are not aware of any method of pleading by which the courts can be called upon to settle the regularity of the preliminary proceedings in the patent office. Nor does there seem to be any utility in putting in issue the authority of the commissioner, upon the facts before him, to grant a patent, because, if the decision should negative his authority, it could not revoke or supersede the patent. The declaration must tender an issue upon the novelty and utility of the discovery patented, these being essential to the enforcement of any exclusive privilege under the patent. But the question of the regularity of the proceedings in petitioning for and obtaining the patent, and that of the correctness of the judgment of the officer in awarding it, are not material, and cannot be inquired into.

The fifth and sixth causes of demurrer are founded upon an inaccurate apprehension of the form of the declaration. The fifth cause is, that the declaration sets forth the letters patent according to their words and figures, and not according to their legal tenor and effect. The declaration avers the patent and specification to be "in language of the import and to the effect following;" and it cannot be a valid exception that "import" is used instead of "tenor," even if the words are not identical in signification, because the language is that of recital and not of grant. The sixth cause is, that the declaration does not make sufficient profert of the letters patent. The declaration says: "as by the said letters patent and specification, all in due form of law, ready in court to be produced, will fully appear." This is equivalent to profert in the most formal and ample terms. It tenders the entire grant to the inspection of the court and party.

The seventh cause is, that the declaration is bad for duplicity, in setting forth three distinct causes of action in the same count, viz.: three distinct infringements of the said letters patent. The patent is for an "improvement in fire-proof chests and safes." The declaration avers, in the same count, that the defendant "made and manufactured and sold five hundred iron safes or chests, in the man-

ner and of the materials described in the said letters patent, and in imitation thereof, in infringement and violation of the said letters patent, and against the exclusive right so secured by the said letters patent;" and also, that he "made and manufactured and sold, and caused to be made and manufactured and sold" five hundred like iron safes or chests; and also, that he "put on sale and offered for sale and sold" five hundred like iron safes or chests. These various averments, which are supposed to constitute three separate causes of action, and thus to render the declaration liable to the objection of duplicity, are no more than a specification of the manner in which the plaintiff's right has been violated. A reiteration of infringements of a patent, like a repetition of torts of any other kind which are of the same nature, may be sued for and recompensed in one action. There is no known doctrine of the law that requires a plaintiff to split up into separate actions grievances of that character. They are properly united in this case, and the demurrer cannot be sustained for that cause.

The eighth cause is, that the declaration has no proper or formal commencement and conclusion, inasmuch as it commences in the form of an action of trespass on the case, and concludes in the form of an action of debt. The conclusion is, that the plaintiff has been injured and deprived of profits which he might otherwise have derived from the improvement, and has sustained actual damages to the amount of five thousand dollars; and that, by force of the statute, an action hath accrued to him to recover of the defendant the said actual damages, and such additional damages, not exceeding, in the whole, three times the amount of said actual damages, as the court may see fit to order and adjudge; and that the defendant, though often requested, has never paid the same nor any part part thereof to the plaintiff. If there be any foundation for this cause of demurrer it is of the most technical description, and the defect would be removable by amendment as of course. But we do not perceive that there is any material incongruity between the commencement and the close of the declaration. The gravamen of the suit is the tortious infringement of the plaintiff's patent, and the conclusion of the declaration is a demand of damages in gross. They are averred to be "actual damages," but that allegation does not change the nature of the averment. It is still merely a demand of damages in compensation of the wrong.

The declaration is not formal in its frame. But it embodies all that is essential to enable the plaintiff to give evidence of his right and of its violation by the defendant, and affords to the defendant the opportunity to interpose every defence allowed him by law. In such a condition of the pleadings in a cause, the court will not encourage objections merely critical and over-nice, and will seek, even on special demurrer, to sustain pleadings substantially sufficient, and thus avoid useless delays and expenses.

The demurrer is overruled on all points, but without costs to either party.

[For other cases involving this patent, see note to Rich v. Lippincott, Case No. 11,758.]