## SPAETH v. BARNEY.

*(Circuit Court, D. Massachusetts. January 22, 1885.)*

1. PATENTS FOR INVENTIONS—REISSUE—ALLEGATIONS.
    It is not necessary, in a suit for infringment of a reissued patent, to aver specifically the ground on which the original patent was surrendered and a reissue obtained.

2. SAME — EFFECT OF REISSUE OF PATENT BY COMMISSIONER OF PATENTS — INFRINGEMENT.
    Where the commissioner of patents accepts the surrender of an original patent and grants a new patent, his decision is final and conclusive, in a suit for infringement, unless it is apparent on the face of the patent that he has exceeded his authority; that there is such a repugnancy between the old and new patent that it must be held as matter of legal construction that the new patent is not for the same invention as that embraced in the original patent.

In Equity.

*Briesen & Steele*, for complainant.

*B. F. Thurston*, for defendant.

COLT, J. The demurrer to the bill is based on two grounds: *First*, that it does not allege, with sufficient certainty, that a proper cause existed for surrendering the original patent and taking out the reissue; and, *second*, that it does not allege facts necessary to show that the commissioner of patents had jurisdiction to entertain the application for the reissue. Section 4916 of the Revised Statutes provides as follows:

"Whenever any patent is inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a new patent for the same invention, and in accordance with the corrected specification, to be issued to the patentee."

The bill alleges:—

"That said Charles T. Day, having for good and lawful cause, and with the consent and approbation of your orator, surrendered said letters patent.

to the commissioner of patents, and having made due application therefor, and having in all things complied with the acts of congress in such case made and provided, did, on the eighteenth day of February, 1879, obtain new letters patent, being reissued letters patent, for the same invention, for the residue of said term, and which were marked 'Reissue No. 8,590,' and were issued in due form of law to your orator, as assignee, under the seal of the patent office of the United States, signed by the secretary of the interior, and countersigned by the commissioner of patents, and bearing date the day and year aforesaid, as by the last-mentioned reissued letters patent, ready here in court to be produced, will appear."

We think the allegations in the bill are sufficient. It is not necessary to aver, specifically, the ground on which the original patent was surrendered. The reissue of letters patent by the commissioner is *prima facie* evidence that such reissue is founded on sufficient cause, and is in accordance with law. It is also presumed that the commissioner acted within his authority under the statute, until the contrary is proved.

The authorities are numerous and conclusive to the effect that where the commissioner accepts the surrender of an original patent, and grants a new patent, his decision is final and conclusive in a suit for infringement, unless it is apparent on the face of the patent that he has exceeded his authority; that there is such a repugnancy between the old and the new patent that it must be held as matter of legal construction that the new patent is not for the same invention as that embraced in the original patent. *Seymour* v. *Osborne*, 11 Wall. 516, 543; *Allen* v. *Blunt*, 3 Story, 742; *Collar Co.* v. *Van Dusen*, 23 Wall. 530, 558; *Metropolitan Washing-mach. Co.* v. *Providence Tool Co.* 1 Holmes, 161; *Russell* v. *Dodge*, 93 U. S. 460; *Ball* v. *Langles*, 102 U. S. 128; *Smith* v. *Merriam*, 6 Fed. Rep. 713; *Selden* v. *Stockwell Gas-burner Co.* 9 Fed. Rep. 390; *Giant Powder Co.* v. *Safety Nitropowder Co.* 19 Fed. Rep. 509; *Philadelphia & T. R. Co.* v. *Stimpson,* 14 Pet. 448; *Wilder* v. *McCormick*, 2 Blatchf. 31.

Demurrer overruled.