### BOGART and another *v.* HINDS.

*(Circuit Court, S. D. New York.  November 14, 1885.)*

1. EQUITY PLEADING—PROFERT—DEMURRER.
    Where profert is made of a paper in the complaint, it is for all purposes presented to the court as part of the pleading, and an objection thereto may be taken by demurrer.
2. PATENTS FOR INVENTIONS—INFRINGEMENT—PLEADING—PARTIES—DEMURRER.
    Where complainant is a mere licensee, and the owner of the patent is not made a party, a bill for the infringement of the patent is demurrable.

*Walter D. Edmonds,* for complainants.

*W. C. Hauff,* for defendant.

COXE, J.    The complaint alleges that the complainant Smith was the original and first inventor of certain new and useful improvements in electrical machines, for which letters patent were duly issued to him; that thereafter, on the thirteenth day of May, 1873, he assigned to the complainant Bogart the full and exclusive right and liberty to make, use, and sell the patented machine for the specific purpose of lighting gas-jets, "which said instrument was duly recorded on the twenty-first day of May, 1873, in the patent-office of the United States, in Liber W., 16, p. 33, as by said instrument, with the certificate of recording thereto affixed, or a duly-certified copy thereof, in court to be produced, will more fully and at large appear." A copy of this instrument is produced in court by both parties.    It recites that Smith obtained letters patent for his improved machine, August 10, 1869, and on the seventh of October, 1871, assigned all his right, title, and interest therein to the Laflin & Rand Powder Company; that the company on the eighth of May, 1873, reconveyed to Smith, and his assigns, all its right to apply the invention to the purpose of lighting gas-jets.    Then follows the conveyance to Bogart of all the right which Smith had "under said instrument."    The infringements complained of are alleged to have taken place after the first day of January, 1876.    The defendant demurs, insisting—*First,* that the Laflin & Rand Powder Company is a necessary party; and, *second,* that the complainant H. Julius Smith having no interest in the patent, is an unnecessary and improper party.

Upon the argument it was thought that a demurrer might not be the proper remedy, for the reason that the objection did not appear upon the face of the complaint.    The formality with which profert and oyer are tendered was not, at that time, fully appreciated.    A somewhat extended examination of this subject leads to the conclusion that, though the authorities are by no means unanimous, the weight of opinion is in favor of the proposition that where profert is made of a recorded paper it is for all purposes presented to the court as part of the pleading, and an objection thereto may be taken by demurrer.    *Knott* v. *Burleson,* 2 G. Greene, 600; *Wilder* v. *McCormick,* 2 Blatchf. 31, 35; 1 Chit. Pl. 415, 416;   *Grahame* v. *Cooke's Adm'r,* 1 Cranch, 116; *Douglass* v. *Rathbone,* 5 Hill, 143; *Rantin* v. *Robertson,* 2 Strobh. 366.

If, then, this assignment is to be regarded as part of the complaint, it appears upon its face that Smith, on the seventh of October, 1871, assigned the entire patent to the powder company. He then had no interest of any kind until the eighth day of May, 1873, when the company reconveyed to him the right to apply the invention to the lighting of gas-jets. By conveying this right to Bogart, Smith again divested himself of all interest in the patent. The only interest Bogart has is by virtue of the assignment from Smith, and the only interest Smith had was by virtue of the assignment from the powder company. Bogart, therefore, necessarily derives his title direct from the powder company. Smith simply conveyed to Bogart what he had obtained from the powder company. In legal effect it is as if Smith had transferred to Bogart the written paper he received from the company, or as if the company had assigned directly to Bogart. Smith is not the owner of the letters patent, and he could not assign any rights except such as he received from the powder company. Any other interpretation of the assignment would be strained and unnatural.

It is argued in the complainants' brief that there is nothing to show that the powder company ever existed, or that the assignment to it became operative. Three answers suggest themselves: *First,* the instrument must be taken in its entirety, and the complainants, having alleged that the company had sufficient vitality to receive an assignment of the letters patent, and reconvey to Smith a right thereunder, are hardly in a position to raise such an issue; *second,* if the company never received title, Bogart received none, for he has only what Smith took from the company; and, *third,* it is incumbent upon the complainants, if they propose to rely upon such a proposition, to introduce it by proper suggestions and averments in the complaint.

The conclusion cannot be resisted that the action in its present form is not maintainable. The complainant Bogart is a mere licensee. The legal owner of the patent is not a party. The case is clearly within the doctrine enunciated in the following authorities: *Gamewell Fire-alarm Tel. Co.* v. *City of Brooklyn,* 14 Fed. Rep. 255; *Wilson* v. *Chickering,* Id. 917; *Ingalls* v. *Tice,* Id. 297; *Gayler* v. *Wilder,* 10 How. 477; *Nellis* v. *Pennock Co.,* 13 Fed. Rep. 451; *Nelson* v. *McMann,* 16 Blatchf. 139; *Moore* v. *Marsh,* 7 Wall. 520.

The objection that the defect in the complaint cannot be taken advantage of by demurrer is purely technical. If sustained, it will result in delay, but in nothing else; for sooner or later the complainants must meet this question upon the merits. It is thought to be for the advantage of all parties that it should be met and disposed of at the threshold of the litigation.

The demurrer is sustained. Complainants have 20 days in which to amend.

---

BOGART and another *v.* MITCHELL, VANCE & CO.

In this case there should be a similar order.