HUBER et al. v. MYERS SANITARY DEPOT.

(*Circuit Court, S. D. New York.* April 16, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—PARTIES.

The sole owner of one patent and exclusive licensee of another may, in one action, joining his licensor as plaintiff, enjoin an apparatus infringing on both patents.

In Equity. Bill for infringement.
*Albert Comstock*, for complainants.
*William H. Sage*, for defendant.

LACOMBE, J. The complainant Huber is sole owner of letters patent No. 260,232. The complainant Boyle is sole owner of letters patent No. 255,485.. Huber is also exclusive licensee of Boyle's patent. The defendant manufactures and sells machines which, it is alleged, infringe both patents. Defendant demurs for misjoinder of parties. The point raised is a new one, and in determining it the "court is governed by those analogies which seem best founded in general convenience, and will best promote the administration of justice, without multiplying unnecessary litigation on the one hand, or drawing suitors into unnecessary expenses

on the other." *Hayes* v. *Dayton*, 8 Fed. Rep. 704. The complainant Huber, if sole owner of both patents, could in a single suit enjoin an apparatus which infringed both. *Nourse* v. *Allen*, 4 Blatchf. 376. He is in fact the sole owner of the one, and, except for the payment of his royalties, entitled to the whole beneficial interest in the other. As exclusive licensee, however, he is required to join the owner of the legal title. *North* v. *Kershaw*, 4 Blatchf. 70. It would, however, unnecessarily multiply expensive litigation to hold that the invariable consequence of thus bringing in the owner must be to compel the complainant to bring two actions, instead of one, to suppress a single infringing apparatus. The demurrer is overruled.