TAGGART v. BREMNER et al.

(Circuit Court of Appeals, Seventh Circuit. July 6, 1916.)

No. 2306.

PATENTS ⊗═285—SUIT FOR INFRINGEMENT—JOINDER OF DEFENDANTS—DIS-
CRETION OF COURT.

It was within the discretion of a District Court under equity rule 26
(198 Fed. xxv, 115 C. C. A. xxv) to dismiss, except as to one defendant, a
bill against several hundred dentists, charging each separately with in-
fringement· of one or more of four patents, where no joint infringement
was alleged.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 445; Dec. Dig.
⊗═285.]

Appeal from the District Court of the United States for the Eastern
Division of the Northern District of Illinois.

Suit in equity by William H. Taggart against M. D. K. Bremner
and others. From an order dismissing the bill, except as to one de-
fendant, complainant appeals. Affirmed.

The bill in this case sets up the ownership of complainant, as patentee, of
four patents, viz., patent No. 865,823, granted September 10, 1907, for appara-
tus for making molds for the casting of dental fillings and the like; patent
No. 872,978, granted December 3, 1907, for method for making molds for
dental inlays and the like; patent No. 983,579, granted February 7, 1911,
for making dental inlay fillings and the like; and patent No. 983,580, granted
February 7, 1911, for apparatus for making castings. It charges certain indi-
viduals by name, and several hundred others, members of a dentists' mutual
protective alliance, an organization of dentists and others formed to protect
each other against complainant—some residents and others nonresidents of
the Northern district of Illinois, whose names are in said proceedings after-
wards set out—with infringement of some one or more claims of one or more
of said patents, in the following language:

"Your orator further shows that each of the contributors to said fund is
an infringer of your orator's patents, this charge being based, first, upon the
fact that from widespread investigation your orator is convinced that all den-
tists not licensed under said patents are infringing them, and, second, upon
the fact that contributions to such fund are wholly useless and of no personal
benefit to the contributor, unless he is infringing. Your orator further shows
that the infringement of all dentists is of the following character, to wit:

"All dentists make the pattern for casting the inlay as set forth in patent No.
872,978, in identically the same way. They all make the molds in the same
way, excepting that in many cases the investment is not placed about the
pattern in two layers. Therefore your orator says that all unlicensed den-
tists infringe claims 1, 2, 3, 4, 8, 9, 10, 11, and 12 of said patent No. 872,978,
while a considerable percentage infringe the remaining claims thereof. In
making the mold all dentists employ a flask cover and sprue-former gener-
ally like those of patent 865,823. In some cases the sprue-former is not re-
movable from the cover, but in nearly all cases it is. All dentists, therefore,
infringe claims 1, 3, and 7 of ·patent No. 865,823, and nearly all dentists in-
fringe claims 1, 2, 3, 4, 7, and 9 of said patent, while a relatively small num-
ber infringe the remaining claims thereof. The mold when complete is iden-
tical with that shown and claimed in patent 983,580 in all cases, and all den-
tists, therefore, infringe claims 13 to 17, inclusive, of said patent. All dentists
employ the mold when made for casting dental inlay fillings which are cast
entire from molten metal, and when complete are throughout of the same
composition, and all dentists infringe claims 4 to 13, inclusive, of patent
983,579, covering broadly the method of making fillings, which consists in

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

casting them entire from molten metal and the complete inlay filling, and also claims 17 and 18 of patent 983,580, covering broadly the apparatus used.

"The principal difference between the infringing acts of the various dentists lies in variations of procedure for forcing the molten metal into the mold when complete. The several methods commonly employed for this purpose divide the dentists into a relatively small number of classes, some of whom infringe more extensively than others. There is a relatively small proportion of dentists who employ centrifugal force for causing the metal to enter the mold cavity. It is not charged that these dentists infringe other claims than those hereinbefore specified. It is, however, far more common to employ some form of gaseous pressure for forcing the molten metal into the mold cavity, and all the dentists who use such pressure infringe, in addition to the claims hereinbefore specified, claims 1 and 2 of patent 983,579.

"A considerable percentage of those who use gaseous pressure use what are known as 'suction' machines, the gaseous pressure used being that of the atmosphere, which is brought into operation by exhausting the air from the interior of the mold by suction applied from below. The use of such machines is not charged to infringe any further claims than those hereinabove enumerated. The majority of dentists, however, employ one of several forms of pressure devices in which gas-pressure above that of the atmosphere is applied to the top of the mold. This gas pressure is secured in some cases by substantially the means shown in your orator's machine patent No. 983,580, and, in others, by applying to the top of the mold a pad of wet asbestos, wet clay, or clay moistened with glycerine, the heat of the molten metal generating vapor which produces the desired pressure. All of these pressure machines or devices when used, in addition to the claims hereinabove enumerated, infringe claim 3 of patent 983,579, and claims 19 and 20 of patent 983,580. A relatively small number of dentists infringe one or another of the remaining claims of your orator's machine patent 983,580."

The bill alleges, further, that all four of said patents were sustained by the trial court in the Northern district of Illinois, in Taggart v. Moll, case No. 30,850 (no opinion filed). It further alleges that by reason of the great number of infringements it would be physically impossible to bring and try infringement suits against each infringer separately before the patents would expire; that the cost of individual suits would be practically prohibitive; that complainant's prima facie case was presented in the Moll Case within 15 minutes' time; that the infringers can be readily divided into a small number of groups, which can be considered together much more easily than if the suits were tried separately, and that, unless the suits can be consolidated, complainant cannot obtain justice; that defendants, by forming said alliance, interfere with the making of settlements, because the several defendants were thereby led to believe that the claims could be defeated or the infringement negatived. The bill therefore asks to be allowed to combine defendants in one suit.

The answers deny validity and infringement, charge that the Moll suit was not well conducted, set out that patent No. 872,978, for the process of making patterns and molds, etc., was held invalid by the Court of Appeals for the District of Columbia, February 25, 1912, in the case of Boynton v. Taggart, 40 App. D. C. 82, deny that any of the persons constituting the Dental Mutual Protective Alliance is an infringer, and deny that all dentists are infringers of any of the claims of patents Nos. 872,978, 865,823, 983,580, or 983,579. The answers also deny all knowledge of the method of forcing the metal into the mold cavity, and aver that the bill is multifarious, since the bill sets up no joint use of the patents in suit, nor concert of action between the several defendants with regard to the patents, and no conspiracy between them. The answers further set up the pendency of eight suits upon said patents in said District Court, and claim that said patents are null and void because of reasons there stated, including public use, abandonment, licenses, etc., etc.

The District Court issued a preliminary injunction, subject to certain exceptions. Thereafter, the cause coming on to be heard before another judge upon the objection pleaded in the answer, viz., that there was a misjoinder of parties defendant and of separate and independent causes of action, the

236 F.—35

court ordered the bill to be dismissed as being multifarious for the reasons stated, at complainant's cost as to all parties save one. The decree further finds that the "plaintiff and, the court consenting, the following named defendants, to wit, M. D. K. Bremner, T. B. S. Wallace, J. C. Mackinson, J. J. Bing, M. A. Casill, W. F. Stone, D. G. Marks, D. S. Johnson, Henry Baumgarth, E. W. Applegate, Geo. C. Brady, E. L. Heyne, and C. L. Lind, elect to waive their privilege to be dismissed from this suit under the order of the court herein, consenting that the several separate causes of action against them stated and set forth in the bill of complaint herein may be consolidated and tried in the above-entitled suit upon the answers and other proceedings and pleadings heretofore filed and had in said suit." Exceptions were duly taken, and this appeal perfected.

The errors assigned are that the court erred (1) in dismissing the bill of complaint as to the defendants designated in said order; (2) in dissolving and discontinuing, as to certain defendants, the injunction which had theretofore been granted against those defendants; and (3) in denying the perpetual injunction as prayed in the bill.

Russell Wiles, of Chicago, Ill., for appellant.

Lynn A. Williams, Robert M. See, and Charles C. Linthicum, all of Chicago, Ill., for appellee.

Before KOHLSAAT and MACK, Circuit Judges, and ANDERSON, District Judge.

KOHLSAAT, Circuit Judge (after stating the facts as above). The subject-matter of the present suit is one within the jurisdiction of the federal courts and subject to the provisions of federal equity rule 26 (198 Fed. xxv, 115 C. C. A. xxv). By reference to the rule it appears that the main object thereof is to promote the convenient administration of justice. "If it appear," the rule concludes, "that any such causes of action cannot be conveniently disposed of together, the court may order separate trials." We are therefore called upon to hold that the trial judge abused his discretion in denying to appellant the right to join the whole dental profession in one suit. Whatever may have been the practice prior to the adoption of the rule, the latter must and does control so far as it is applicable.

The grounds upon which the appellant seeks to justify the joinder of several hundred defendants, with varying defenses, in one bill, are (1) that the patents in suit have been sustained (Taggart v. Moll, suit No. 30,850) in the District Court from which this cause is appealed; (2) that the issues affecting validity of the patents in suit are identical in the cases of all the defendants and would require but little time in presentation; (3) that these, together with answers to interrogatories presented in accordance with equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) would make out a prima facie case of infringement; (4) that defendants have banded together and contributed funds to defeat appellant's claim of infringement; (5) that it will be physically impossible for the court to try all the cases where infringement is charged before the expiration of the patent; (6) that appellant is financially unable to undertake to try said causes separately; and (7) that unless he can proceed to join the multitude of infringers in one suit he will not be able to obtain justice.

These matters were considered by the court. On the other hand, no attempt is made to claim joint infringement by the defendants, ap-

pellees herein. They are charged with being separate, independent tort-feasors, all trespassing on the same property, but without any consort, confederation, or joint share in the proceeds. One of the patents in suit has been defeated in another jurisdiction, where the patent for making patterns and molds as aforesaid was held invalid. While the issues affecting validity of the patents in suit are substantially identical with regard to each of the defendants, no defendant is charged with any particular infringement for which such party is in said bill sought to be held; the defenses are concededly distinct, and some of the defendants are not even dentists, so that the general charge that all dentists infringe cannot apply to them. The mere joining in the Dental Mutual Protective Alliance and paying dues did not constitute the members of said alliance infringers. It may well be doubted whether the joining of these defendants, appellees, in one suit, would in any way expedite the hearing upon each of said alleged infringements. A complete record would be required in each. The fact that the profits and damages in each case, if successful, would be small, while a large expense would be incurred in each case, if tried separately, cannot be deemed controlling. There are and have been in the past many cases in like situation.

Courts are instituted for the purpose of establishing rights. Once these are settled, the rest, it may be assumed, will follow. But the most startling result of appellant's proposed course would be the opening of the courts to a scheme for dragging a multitude of alleged infringers into threatened expensive litigation in a single proceeding, whereby settlements would be submitted to rather than endure the worry and costs of litigation. It is difficult to see how anything but confusion and injustice to the many could result. Having these matters in mind, was it an unreasonable exercise of the discretion conferred upon the court by statute to order said bill to be dismissed, at appellant's costs, as to all of the defendants save one? We think not.

Thus giving to equity rule 26 (198 Fed. xxv, 115 C. C. A. xxv) the most liberal construction possible, we fail to find any abuse of the discretion therein conferred upon the trial judge. We are of the opinion that the rule was adopted in the interest of simplified procedure, but that, as in the prior adjudications upon multifariousness, misjoinder, and those of like nature, the application must depend largely upon the circumstances of each particular case, and rest in the sound discretion of the judge.

We find no error in the action of the court upon any of the matters assigned for error. The decree of the District Court is therefore affirmed.