### LOW et al. v. McMASTER.

(District Court, E. D. Pennsylvania.    February 3, 1919.)

#### No. 1785.

COURTS ☞347—FEDERAL COURTS—MULTIFARIOUSNESS—RULE OF COURT.

Injunction bill by three plaintiffs, based on three patents, one belonging to three plaintiffs, others belonging to but two, *held* not multifarious, though disclosing more than one cause of action; such causes being joint within equity rule 26 (201 Fed. v, 118 C. C. A. v), which is not to be interpreted as prohibitive of anything permissible in chancery before its adoption.

In Equity. Bill for injunction by Arthur B. Low and others against Henry McMaster, doing business as the Presto Patents Company. On motion to dismiss. Motion denied.

H. S. Johnson, of St. Paul, Minn., and Jos. B. Englander and Howson & Howson, both of Philadelphia, Pa., for plaintiffs.

Alfred E. Freeman, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The motion is based upon the averment that the plaintiffs have set forth in their bill of complaint no cause of action. This is because the cause of action stated does not belong to the plaintiffs. More particularly the basis of the motion is

that there are three causes of action set forth, only one of which belongs to the plaintiffs. In still other words, the position of the counsel for defendant is that the bill is multifarious. This is because, not merely that more than one cause of action is sought to be incorporated in one bill (which it is admitted does not of itself render the bill multifarious), but because there is more than one plaintiff, and the several causes of action are not joint, as they must be in order to have the several injuries complained of redressed in one proceeding.

The real question involved is embraced in the following formulation of the facts and the question arising out of them: Three letters patent have issued, and the defendant has infringed the property rights granted by each patent. One of the patents belongs to A., B., and C. The others belong to A. and B. Can A., B., and C. maintain a bill based upon the complaint of these three several infringements? The pertinent equity rule is 26 (201 Fed. v, 118 C. C. A. v).

. To find a beginning to the line of reasoning which leads to the conclusion we have reached, we commence with the finding that the requirement of rule 26 is (as defendant contends) that each cause of action set forth must belong jointly to the plaintiffs in the sense of embracing the thought that each, every, and all of the plaintiffs must have an interest therein. In strictness, and in the sense in which defendant employs the term, all the causes of action which have been joined in this proceeding are not joint. It is, of course, desirable, as counsel for plaintiff urges, to have the controversies between the parties set at rest by one proceeding, instead of resorting to two or more. This may even contribute to the convenience of the defendant, while preserving all its rights. We do not see, however, that these considerations lead to the conclusion at which counsel for plaintiffs aims.

However desirable the result, and however much the proceeding may be to the advantage even of the defendant, we cannot force the hand of the defendant, unless the procedure is in accordance with the accepted practice in equity, and we must leave it free to decide what is for its advantage. The utmost effect such considerations can have is to incline the courts to uphold such procedure when it can be done.

All the plaintiffs in the instant case are jointly interested in the patents with which we are concerned, except Miles. He has such an interest in one of the patents as necessarily to be a party to any proceeding affecting that patent. His interest, although that of the legal owner of the title, is practically that of a pledgee.

Under the averments of the bill the infringing device of the defendant is a trespass upon the rights of all the plaintiffs. The fact may, of course, be found to be that the patent in which the plaintiff Miles is interested has not been infringed. We can, however, view the cause of action only as it is set forth. We have, therefore, a case in which all the parties have a common interest in respect to the points of litigation presented, and in which a decree can be entered binding all. We think this to be the sense in which rule 26 requires that "the causes of action joined must be joint." This must be so, because rule 26 is not to be interpreted as a prohibitive of anything which was before its adoption permissible in chancery practice in the direction of reaching

desirable results. Rules 37, 43, and 44 (198 Fed. xxviii, xxx, 115 C. C. A. xxviii, xxx) throw light upon the propriety of including Miles as a party plaintiff, although they have no direct bearing upon the question here raised, which is not who may become a party plaintiff, but the right of all of them to ask redress in the one proceeding.

Our view is that all the causes of action joined in this bill are joint within the meaning of rule 26, and we are influenced to take this view because the bringing of the bill as it has been brought is in accord with the practice recognized before the promulgation of the present equity rules, and there is nothing in rule 26 which conflicts with the former practice in this respect. Huber v. Myers (C. C.) 34 Fed. 752. Judge Ray's interpretation of the ruling there made confirms us in the view taken. Kaiser v. Bortel (C. C.) 162 Fed. 902.

We do not regard Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923, as in conflict with the practice to which reference has been made. The court below ruled that the bill could not be maintained without joining as plaintiff an assignee of the patent, notwithstanding the fact that such assignment was by way of mortgage. Neither this ruling nor anything in the very clear opinion of Mr. Justice Gray, accompanying the affirmance of the decree dismissing the bill, touches the point now raised.

On the other hand, Brown v. Guarantee Trust Co., 128 U. S. 403, 9 Sup. Ct. 127, 32 L. Ed. 468, recognizes the propriety of disposing of several causes of action in one bill. Whether, in a given case, it is permissible depends upon the special fact conditions there presented.

We think the fact conditions presented by the bill in the instant case gives to the plaintiffs the right to seek redress for the wrong complained of in one proceeding. Although it be true that in presenting their complaint they disclose more than one cause of action, the bill is not, for this reason, laid open to the objection of being multifarious.

The motion to dismiss is denied.