## RADIO CORPORATION OF AMERICA et al. v. LEHR AUTO SUPPLY CO., Inc.

Circuit Court of Appeals, Second Circuit. November 19, 1928.

No. 140.

Gifford & Scull, of New York City (George F. Scull, of New York City, of counsel), for appellant.

Charles Neave and Stephen H. Philbin, both of New York City, for appellees.

Before SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). It is conceded that, if the motion to dismiss was properly denied, the preliminary injunction was properly granted. Hence the sole issue presented is a technical question of practice under equity rule 26 (201 F. v) which reads as follows:

"The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant. But when there are more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant the liability must be one asserted against all of the

material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials."

Under the first sentence of rule 26 it is apparent that a single plaintiff may in one bill of complaint charge a defendant with infringing two or more patents. The defendant's security against oppression by the plaintiff in the joinder of independent causes of action lies in the District Court's power under the final sentence of the rule to order separate trials. See Saccharin Corp. v. Wild, [1903] 1 Ch. 410; Marconi, etc., Co. v. National E. S. Co., 206 F. 295, 300 (D. C. E. D. N. Y.); Montgomery, Federal Jurisdiction and Procedure, § 710. But it is contended by appellant that, if the two patents belong to separate owners, they may not join in a single suit against an infringing defendant. This is based upon the clause that, "when there are more than one plaintiff, the causes of action joined must be joint." It ignores the final clause of the sentence, "or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice"; the argument being that that clause is an alternative only to the preceding clause, which relates to suits against several defendants.

The proper construction of the language is not entirely free from doubt, but, bearing in mind that the objection of multifariousness is merely an objection of inconvenience, and that the object of the equity rules was to liberalize the rules of pleading and practice, it would seem reasonable to interpret the final clause of the sentence as an alternative to joint causes of action by several plaintiffs, as well as to the assertion of liability against several defendants. If a sole plaintiff may sue a defendant for infringing independent patents, no good reason is suggested why separate owners of the patents should not be allowed to join in suing the defendant, provided convenient administration of justice will be promoted by such joinder. The inconvenience to the defendant will be no greater than if the suit were by a sole owner of the patents. Oppressive inconvenience, whether there be a single plaintiff or several, may be avoided by separate trials. The construction we adopt is in harmony with the interpretation placed upon the rule in International Organization, etc.,

v. Red Jacket C. C., etc., Co., 18 F.(2d) 839, 848 (C. C. A. 4), and Commodore's Point Terminal Co. v. Hudnall, 283 F. 150, 170 (D. C. Fla.). See, also, Schell v. Leander Clark College, 2 F.(2d) 17, 21 (C. C. A. 8).

In Marcus Brown Holding Co. v. Feldman (D. C.) 269 F. 306, at page 309, Judge Hough remarked that rule 26 has rendered the defense of multifariousness "unavailable, whenever, in the opinion of the court, 'sufficient grounds appear for uniting the causes of action in order to permit the convenient administration of justice.' The rule has been thus interpreted in this district since its promulgation." While this decision involved a plurality of defendants, rather than of plaintiffs, and so is not conclusive of the issue now under discussion, Judge Hough's remark indicates the liberal interpretation which that eminent judge thought the rule should receive.

It remains to consider whether in the case at bar it sufficiently appears that the convenient administration of justice will be promoted by uniting the causes of action. The decision of this question rests in the first instance in the discretion of the District Court; but it may be conceded that an abuse of discretion may be corrected on appeal. See Taggart v. Bremner, 236 F. 544 (C. C. A. 7).

The bill of complaint is barren of allegations to explain why the plaintiffs have joined in a single suit, except allegations as to the licenses granted by the owner of each group of patents to the other plaintiffs. The appellant objects that there is no allegation that the licenses are exclusive, or that the patents were infringed in the same apparatus, and hence that there is no showing of any question of law or of fact common to all the complainants. The bill, however, makes profert of the license agreements, and the affidavits in support of plaintiffs' motion for an injunction show that three of the patents, of which two are owned by General Electric Company and one by American Telephone & Telegraph Company, are infringed by defendant's Sparton radio receiver. Profert of a recorded paper is equivalent to annexing a copy to the bill. Bogart v. Hinds, 25 F. 484 (C. C. N. Y.); American Bell Telephone Co. v. Southern Tel. Co., 34 F. 803 (C. C. Ark.); Coca-Cola Co. v. Whistle Co., 20 F. (2d) 261, 262 (D. C. Del.).

While the licenses are not incorporated in the record before us, it is asserted in appellees' brief, and not denied by appellant,

that the Radio Corporation is an exclusive licensee in a specified field, namely, the sale of devices in the radio amateur field, and was held to be such, in respect to certain of the license agreements, in Radio Corporation v. Emerson, 296 F. 51 (C. C. A. 2), Radio Corporation v. Independent Wireless Tel. Co., 297 F. 521 (C. C. A. 2), and De Forest Co. v. Radio Corp., 20 F.(2d) 598 (C. C. A. 3). It is also asserted, without denial, that the General Electric Company and the Westinghouse Company have similar exclusive licenses to manufacture and to sell to the Radio Corporation in the same field, and that the Telephone Company has exclusive rights in the "telephone field." In brief, each plaintiff is said to have an exclusive license in some field under each patent in suit, and the legal owners of all the patents are parties plaintiff, and three of the patents are infringed by the defendant's Sparton radio receiver.

If the foregoing be true we cannot say that there was any abuse of discretion by the District Court in refusing to dismiss for misjoinder of parties or of causes of action. Indeed, even before the promulgation of equity rule 26, Judge Lacombe held, in Huber v. Myers (C. C.) 34 F. 752, that the sole owner of one patent, who was also an exclusive licensee under another, might join with the owner of the latter in suing defendant for infringement of both patents. This was followed, after rule 26 became effective, in Low v. McMaster, 255 F. 235 (D. C. Pa.), on the theory that the rule was not intended to restrict the earlier practice.

Colonial Trust Co. v. Chaplin-Fulton Mfg. Co., 266 F. 546 (D. C. Pa.), relied upon by appellant as directly in point, is distinguishable, because one of the plaintiffs in that case had no exclusive license in the second patent. Moreover, Judge Thomson there considered only whether the causes of action were joint. He did not discuss whether the rule should not be interpreted to permit the suit, if the convenient administration of justice would thereby be promoted.

For the reasons stated, we think there was no abuse of judicial discretion, and that the decree below was right. We are not passing on the question whether separate trials should be granted. If the defendant thinks he will be prejudiced by the joinder of so many patents in one suit, he still has opportunity to apply to the District Court for separate trials.

The order appealed from is affirmed.