Komenarsky, Receiver, Appellant, v. Brode et al.

Argued December 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*D. Wendell Hulburd,* with him *Charles Woods Coulston,* for appellant.—It would seem that the first answer to the charge that the bill is multifarious is to point out that the defendants are being sued for negligence and misconduct in their capacity as directors of a corporation. As such they would appear to be jointly liable: Fell v. Pitts, 263 Pa. 314; Prudential Loan Society v. Mayer, 25 Pa. Dist. R. 885; Loan Society v. Eavenson, 241 Pa. 65.

*Jay B. Leopold,* with him *Duane, Morris & Heckscher,* for appellee.—Complainant has improperly joined defendants named in this action, in that the liability for all the causes of action set forth cannot be asserted against all of the defendants, and no adequate reason appears why those causes should be joined in order to promote the convenient administration of justice: Elk Brewing Co. v. Neubert, 213 Pa. 171; Kelly v. Thomas, 234 Pa. 419; Bovaird v. Seyfang, 200 Pa. 261.

Complainant's bill sets forth no basis or reason for the relief of an accounting inasmuch as the bill on its face makes claim for definite and specific sums and shows no need for the equitable relief of an accounting: Holland v. Hallahan, 211 Pa. 223; Williams v. Finlaw, Meuller & Co., 292 Pa. 244; Shaw v. Newingham, 279 Pa. 180; Drape v. Coleman, 233 Pa. 585; Parsons v. Bradford, 1 Pa. D. & C. 138; Gloninger v. Hazard, 42 Pa. 389.

Complainant is guilty of such laches as to estop any relief prayed for in complainant's bill.

OPINION BY MR. JUSTICE KEPHART, January 5, 1932:

The bill was dismissed in the court below on the theory that it was multifarious and that complainant had adequate remedy at law. Where distinct and independent causes of action are joined in one bill, or several parties not connected with the controversy in its legitimate scope are joined, a bill in equity is multifarious. But, if the court, in its discretion, believes the joinder in one suit of different matters or parties will promote the convenient administration of justice, the bill will be sustained. See Rule 36, Equity Rules: Pittsburgh v. Pittsburgh & L. E. R. R. Co., 263 Pa. 294, 301.

Where there is more than one defendant, to avoid dismissal of a bill for multifariousness, the liability on some part of it must be such as can be asserted against all material defendants. If, during the course of the trial, it is convenient for any reason to hear the cause

against any one or more of the defendants separately, the court may do so. Our Equity Rule 36, which governs much of the above, was taken from the federal Rule 26, which in turn is based on the English rule. The interpretation of this rule by the federal courts is that it is not prohibitive of anything permissible in chancery before its adoption: International Organization, etc., v. Red Jacket C. C. & C. Co., 18 Fed. (2d) 839, 848; Low v. McMaster, 255 Fed. 235.

No bill is multifarious that presents a common point in litigation, the decision of which will affect the entire subject-matter. The parties must be material, and attached to or connected with the liability and each other in some manner: McMullen Lumber Co. v. Strother, 136 Fed. 295; Rogers v. Penobscot Mining Co., 154 Fed. 606, 614; Watson v. National Life & Trust Co., 162 Fed. 7, 10. We agree with the court below that if plaintiff's claim was only for the amount paid for alleged services, stated as it was in an exact amount, there would have been not only an adequate remedy at law, but, the action being against two defendants who might have and no doubt would have different defenses, the bill would also be multifarious; however, there are other matters in the bill.

The Act of 1836 places corporations under the control of courts of equity within a designated field. This receiver's bill was a proper one to bring against officers charged with collusive mismanagement, and with wilful neglect of corporate affairs to the detriment and disadvantage of the corporation. The bill alleged the payment of salaries to these defendants without authority; payment of dividends in excess of $9,000 to themselves out of capital when there was an apparent deficit in excess of $13,000; and that complainant, as the court's officer, could not secure possession of the books of the corporation, though demand had been made for them. As to the records received, many pages were missing and no proper audit or account could be stated without

the missing pages which are apparently in the possession of defendants. The bill contained allegations of fraud, and prayed for an accounting, discovery and other relief.

Ordinarily directors of a corporation are jointly as well as severally liable for mismanagement, wilful neglect, or misconduct of corporate affairs: Fell v. Pittsburgh, 263 Pa. 314, 320. In Loan Society of Phila. v. Eavenson, 241 Pa. 65, 71, where a bill was filed by a foreign corporation against its former officers and directors to recover losses sustained by reason of negligent or fraudulent acts of the officers, we said: "We are not impressed with the argument. . . . . . that the bill should be dismissed because the complainant has an adequate remedy at law, because the bill is multifarious, because there is no reason for an accounting, and because fraud is insufficiently averred; . . . . . . both discovery and an accounting are necessary to afford relief. . . . . . The bill seeks to require the defendants to account for the losses which resulted from their negligent and fraudulent management of plaintiff's affairs. The relief asked against all the defendants is the same and while acting in the same official capacity as directors of the corporation." See also Pittsburgh v. Pittsburgh & L. E. R. R. Co., supra; Jessop v. Kittanning Boro., 225 Pa. 589.

Counsel for the appellee cites a number of cases where we have held bills to be multifarious, but these bear no analogy to the allegations in the appeal before us, as an examination of the facts therein stated will show. It is, of course, probable that one of the defendants may have, with respect to certain phases of the charges, a different defense, but if they as officers of a company collusively joined to perpetrate some wrong against the company, and thereafter enjoyed the fruits of that wrong, they would be jointly liable for their conduct and jointly and severally liable to account for their illegal acts, and equity, without doubt, has jurisdiction of such cause. As to laches in connection with the allegation of fraud in the bill, that matter may be presented at the hearing

and will then be determined. There is sufficient in the present bill to sustain it, even though the proof may fall short of sustaining its charges.

The decree dismissing the bill is reversed, the bill is reinstated with a procedendo.