## The Union Trust Company of Pittsburgh et al. v. Rae et al.

*Carl E. Glock,* for plaintiffs.

*Kountz & Fry,* for defendant Walter S. Rae, Jr.

*R. B. Wolf,* for defendant Gilbert H. Schmidt.

*Kenneth G. Jackson,* for defendant Beryl S. Rae Stiening.

ROWLEY, P. J., July 16, 1940.—This matter is before the court upon defendants' answer raising preliminary objections to a bill in equity.

The bill avers that plaintiffs are holders of certain notes made by Walter S. Rae, of Allegheny County, who died November 18, 1939; that decedent's estate is insolvent; that on or about April 27, 1939, defendants Walter S. Rae, Jr., and Gilbert H. Schmidt, pursuant to a scheme to defraud plaintiffs and other creditors of Rae, Sr., induced the latter to convey to Rae, Jr., a coal stripping operation in Mercer County and certain valuable machinery and equipment connected with the operation, and also a valuable dragline or shovel now located on a barge or scow in Fairport Harbor, Ohio (the coal land is owned in fee by one Callahan, and decedent had a lease for the removal of the coal on a royalty basis) ; that the transfer to Rae, Jr., is recorded in the Recorder's Office of Mercer County; that Schmidt was an employe and confidential agent of both the father and of the son; that he has acted as custodian and disbursing agent of both father and son in holding property in his own name and in his

own possession, that he conspired with the son to induce the father to make the conveyance, and that he has assisted the son in concealing assets from creditors.

The bill seeks to set aside the conveyance and to require Rae, Jr., and Schmidt to make discovery and render an accounting of their transactions with decedent, relating to the conveyances and relative to their use of the equipment and their operation of the coal property since the death of Rae, Sr.

Beryl S. Rae Stiening filed an answer admitting the averments of the bill and admitting insolvency of decedent's estate.

Schmidt filed his answer that the bill disclosed no cause of action against him, and that defendants were improperly joined.

Rae, Jr., answered that the parties defendant were improperly joined; that the bill is premature as plaintiffs may receive payment in full from the estate of Rae, Sr.; that the bill is multifarious; and that it does not disclose a case for equitable jurisdiction against Walter S. Rae, Jr.

The bill recites that Rae, Jr., and his sister Mrs. Stiening undertook the administration of the estate of Rae, Sr.; that the son resigned and that administration is being continued by his sister; that the Orphans' Court of Allegheny County has directed Rae, Jr., to deliver to his co-executor all the property of the estate in his possession, and directed the executor to file that account to date of resignation; that the executors' statement of what comprises the balance of the estate does not include any of the property which is the subject of the bill.

In an amended answer Schmidt avers that the subject matter of the bill of complaint is included in proceedings now pending in the Common Pleas and in the Orphans' Court of Allegheny County.

Counsel for Rae, Jr., and Schmidt thus state one of the principal questions:

"Where a bill in equity is filed by two creditors of a decedent alleging that the decedent's estate is in the process of administration in the orphans' court, and that an inventory and appraisement in the orphans' court have been filed, and containing no suggestion that there has been a decree of distribution in the orphans' court, nor any averment as to the extent of the insolvency of the estate, but merely averring very generally a belief of insolvency on the part of the plaintiffs (paragraph 17 of the bill)—is such bill demurrable?"

It must be conceded that an action to set aside a fraudulent conveyance is maintainable ' "only so far as the property in contest may be needed for payment of debts, whose existence the plaintiff would be bound to show" ' : Chester County Trust Co. v. Pugh, 241 Pa. 124, 127.

But defendants contend: "Ordinary creditors, alleging their debtor's sale fraudulent, must show the want of effects to satisfy their claims; and if he be dead, this must be shown by a judicial settlement of his succession."

Defendants argue that, except where there is no personal estate, the incapacity of the estate to satisfy the creditors must be shown by a settlement in the orphans' court; and, that not having been done, the instant bill cannot be maintained. Defendants say the common pleas court should not undertake to adjudicate the total indebtedness of decedent or the validity of any claims against decedent in advance of such adjudication by the orphans' court, which is the court having primary jurisdiction to determine the validity of a claim against a decedent, otherwise confusion would result.

Defendants further complain that the bill does not show whether plaintiffs seek to recover $1 or $250,000 in property from defendants, or to what extent the property described in the bill is needed to make plaintiffs whole.

Defendants cite some authorities supporting the contention that the instant action will not lie prior to an adjudication and settlement of decedent's estate in the

orphans' court. No Pennsylvania case is cited, nor have we been able to find one on the precise point.

Plaintiffs contend that in Pennsylvania a prior "judicial settlement" of an allegedly insolvent decedent's estate is not a prerequisite to the maintenance of the bill, citing Fowler's Appeal et al., 87 Pa. 449, Skiles' Appeal, 110 Pa. 248, Weil v. Marquis, 256 Pa. 608, and Fidelity Trust Co., Admr., v. Union National Bank of Pittsburgh et al., 313 Pa. 467. The point was not directly ruled in any of these cases. It does not appear, however, that any of the bills averred a determination of insolvency by the orphans' court, and it seems that there had been no such adjudication by the orphans' court.

In the instant case we have a bill containing an averment of insolvency, and the answer of the executrix admitting insolvency. In these circumstances we are not prepared to hold that the bill cannot be maintained prior to the final settlement of the estate in the orphans' court.

The answers of Rae, Jr., and Schmidt raise further questions as to the joinder of the parties defendant, and as to the multifarious nature of the causes of action set forth in the bill.

Rule 36 of the Supreme Court Equity Rules is as follows:

"Plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant; but, if there is more than one plaintiff, the causes of action included must be joint, and if there is more than one defendant, the liability must be one which can be asserted against all of the material defendants, unless sufficient grounds are shown for uniting the causes of action, in order to promote the convenient administration of justice. If it appears that they or any of them cannot be conveniently heard with the others, the court may allow a severance for the purposes of trial."

In support of their position, defendants cite 8 Standard Pennsylvania Practice, p. 137:

"Where distinct and independent causes of action requiring different defenses or different decrees are joined

in one bill, thereby compounding them, or several parties not connected with the controversy in its legitimate scope are joined, a bill in equity is multifarious. Moreover, a bill is multifarious when it seeks to obtain relief on several different grounds or several different statements of fact. Where different capacities and different rights are involved, they cannot be maintained in a single bill in equity."

Defendants point out that the bill complains of three principal subjects: (a) A fraudulent conveyance action by creditors in their own names; (b) a diversion of money by Rae, Jr., maintainable only by executrix, and (c) pertaining to the books of Waterways Construction Company of Cleveland, Inc., in which only the executrix could be the party plaintiff. Defendants also emphasize that three defendants are named in the bill, "although as between defendant Beryl S. Rae Stiening, on the one part, and the other two defendants, no concert of action is alleged."

Defendants quote from Komenarsky, Receiver, v. Brode et al., 307 Pa. 156, 158:

"Where there is more than one defendant, to avoid dismissal of a bill for multifariousness, the liability on some part of it must be such as can be asserted against all material defendants."

Also from 21 C. J. 422, §444:

"A bill is multifarious which contains the demand of several matters of distinct and independent natures against several defendants, who may be respectively liable, but not as connected with each other. There must be some connection in interest among defendants against plaintiff."

At the argument and in their brief counsel for the creditor banks undertook "to confine the Mercer County proceeding to a setting aside of the Mercer assignment and the restoration to the estate of such property connected with the assignment and the coal operation as properly belongs to the estate, together with discovery and accounting relating thereto."

"The relief sought, however, will be confined to the assignment and the subsequent coal operation."

Having found against the contention of defendants that the bill cannot be maintained because there has not been a "prior judicial settlement of decedent's estate", there remain for consideration the following questions:

1. Is a cause of action stated against Rae, Jr., and Schmidt?

2. Is there a misjoinder of parties?

3. Should the action be abated by reason of the equity proceedings in Allegheny County?

1. The bill avers that Rae, Jr., son of the grantor, stood in a confidential relation with him, that he paid no consideration for the conveyance, that he schemed to defraud his father's creditors, that he conspired with Schmidt to conceal assets conveyed by decedent.

As to Schmidt, it is alleged that he participated in the fraud, that he acted as agent, trustee, and conduit of title for the purpose of aiding the scheme.

Thus Rae, Jr., and Schmidt are charged with fraud, and the bill includes a prayer for discovery.

"The bill avers fraud and asks for discovery and these are sufficient for equitable jurisdiction even if we are mistaken as to the other matters which may be considered doubtful": Custis v. Serrill et al., 303 Pa. 267, 272.

2. The bill avers a conspiracy between Rae, Jr., and Schmidt to defraud decedent's creditors.

It seems clear that each conspirator is jointly and severally liable, and that all conspirators may be joined in a single action in equity: Komenarsky, Receiver, v. Brode et al., supra.

In our opinion the executrix was a proper, necessary, and indispensable party, as the rights of the estate will be directly affected by any decree for relief. She failed to move as plaintiff to attack the transfer, and it was proper to make her a party defendant.

The joinder of plaintiffs was apparently designed to avoid a multiplicity of actions. The asserted rights of

plaintiffs arose out of the same transactions. While the causes of action are distinct, they pertain to the same subject matter and involve the same proofs.

3. The question whether the instant action should not abate because of the pendency of bills in equity in Allegheny County and the pendency of administration proceedings in the Orphans' Court of Allegheny County, is not free from doubt.

Plaintiffs argue that "The bill in Mercer County is justified, if on no other ground, by reason of the fact that real estate interests in Mercer County are involved and plaintiffs are entitled to the protection of lis pendens. Furthermore, defendants are now resident in the jurisdiction of the Court of Common Pleas of Mercer County."

Plaintiffs further contend that assignment of Mercer County property is not covered by the bill filed in the courts of Allegheny County. The copy of the bill submitted by plaintiffs' counsel seems to support this contention.

Counsel for Schmidt argue: "Thus it is apparent that the only possible excuse for this proceeding in Mercer County would be that real property, or some interest therein, situate in Mercer County is involved."

To this proposition, defendant Schmidt answers: "(1) No real property is involved; and (2) if real property were involved, he did not receive any interest therein, nor does he have any power to effect a conveyance or reconveyance."

Whether these assertions are facts must, we think, await proofs to be offered by plaintiffs in support of the averments of their bill.

After careful consideration of the pleadings and the briefs of able counsel, we are constrained to conclude that the bill states a good cause in equity against Rae, Jr., and Schmidt; that the bill is not multifarious; that the bill may be maintained, notwithstanding there has not been a judicial settlement of decedent's estate in the Orphans'

90

Court of Allegheny County, and notwithstanding the pendency of proceedings in the Orphans' Court and in the Court of Common Pleas of Allegheny County.

*Order*

And now, July 16, 1940, this matter came on for argument, and same was argued by counsel, whereupon, after due consideration, it is ordered, adjudged, and decreed that the preliminary objections to the bill of complaint be dismissed, and defendants Walter S. Rae, Jr., and Gilbert H. Schmidt are directed to answer sec. reg.