HURD et al. v. JAMES GOOLD CO.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

No. 117.

1. PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction should not be granted to restrain infringement of a patent, although infringement is shown, where the right to maintain the suit depends on the decision of the Supreme Court in another suit pending before it, which was brought by the same complainant and decided adversely to him.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*

Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

2. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—RIGHT TO MAINTAIN.

The fact that in one circuit a patent has been adjudged invalid, and the owner enjoined from bringing suit for its infringement, does not deprive a prior licensee thereunder, who has an exclusive license to vend in a limited territory in another circuit, where the patent has been sustained, from there maintaining a suit in equity to protect such rights as he may have; and in such suit he may of right join the owner of the legal title to the patent as a complainant, even without the latter's consent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Northern District of New York; George W. Ray, Judge.

Suit in equity by James D. Hurd, the Consolidated Rubber Tire Company, and the Rubber Tire Wheel Company against the James Goold Company. From an order granting a preliminary injunction, defendant appeals. Reversed.

This cause comes here upon appeal from an order granting a preliminary injunction. The suit is one for infringement of the well-known Grant patent for rubber-tired wheels. The defendant is a dealer in this circuit, who buys his tires from the Goodyear Company at Akron, Ohio, and affixes them to vehicles here. The opinion of the District Judge will be found in 197 Fed. 756.

H. A. Toulmin, of Washington, D. C., for appellant.
W. E. Ward, of New York City, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. It is unnecessary to recite the history of the litigation under this patent or to set forth in detail the facts of this case. Reference may be made to the opinion in the court below and to our certification of questions to the Supreme Court in the suit of the same plaintiff against Seim and Reissig, December 7, 1911. 191 F. R. 832, 112 C. C. A. 346. The questions certified have not yet been reached for argument in the Supreme Court.

[1] It is manifest that the answers to those questions will have a controlling influence on the determination of this suit. They deal with the rights which complainant may have in the territory covered by his earlier exclusive license, and with the status of tires made in the circuits where the patent has been held invalid under the opinion in Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, in view of the fact that the Supreme Court has held this patent valid and infringed by such tires in Diamond Rubber Co. of New York v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527. The circumstance that we certified these questions to the Supreme Court indicates that we were in doubt as to the answers to be given. While such a doubt exists as to the fundamental propositions on which complainant must rely, we think a preliminary injunction should not be granted, and for that reason have concluded to reverse the order appealed from. Inasmuch, however, as a favorable answer to those questions might induce complainant to bring the matter again before the District Court, in this cause, we think it desirable to express an opinion on some of the other questions which have been argued here.

[2] Complainant has joined with himself two corporations who hold the legal title to the patent. These corporations have been enjoined in the Sixth circuit from maintaining suits for infringement. These injunctions, of course, bind the corporations against which they were issued; but we cannot see how they can operate to interfere with Hurd's legal rights (assuming that the answers to the certified questions indicate that he has such rights) or with the

course which equity practice indicates he should follow in vindication of those rights. That practice authorizes him, as holder of an exclusive territorial license, to present his licensors as co-complainants, even against their will and in spite of their protests. Whether they may say, in response to his request, "we will not appear" because we are dissatisfied with you, or because a court has told us we must not, is a matter of indifference to Hurd. Despite these objections, he has brought them in as co-complainants. Whether his doing so exposes them to punishment for contempt is a matter to be decided when it comes up; we have a definite opinion about that, but it is not for us now to express it. We think it strains the doctrine of comity beyond the breaking point to contend that, in order to uphold the hands of the enjoining court, we should deprive Hurd, over whom that court never had any jurisdiction, of the regular and orderly equitable procedure to maintain his legal rights, assuming that the deliverance of the Supreme Court on the certified question may indicate that he has legal rights, which he can maintain against users of infringing tires in his territory.

We fully concur with Judge Ray in the finding that the defense of laches is not made out by the proofs.

On the question of infringement, we think the District Judge did not quite correctly appreciate what was held by this court and by the Supreme Court as to the differences between the Grant patent and the prior art. No court has held that in the Grant structure the tire must be held so loosely that it will rise from the metal channel to any appreciable extent, so that "dust, dirt, and mud" would enter the channel with the natural results of such action. All that is held is that it must yield sufficiently when it strikes a lateral obstruction to prevent being broken and injured by the blow. It is distinguished in this regard from tires of the prior art which were held in the channel by cement, and which were destroyed after a short period of use because they would not yield. There is a model of the alleged infringing tire in this case, the accuracy of which, as we understand it, is conceded. It is covered absolutely by the language of both claims; to us it looks like a Chinese copy of the structure we found to infringe in an earlier case. That Goold *thinks* he has drawn his wires so tight that there will not be any tilting is of no moment. There is concededly a layer of elastic rubber under the two wires, and, however tightly they may be drawn, the degree of tilting will necessarily depend on the direction and force of the blow. On the record now before us, we are satisfied that infringement is shown.

For the reason, however, expressed at the outset of this opinion, we think that this order should be reversed, without prejudice to any other application for relief, should complainant be advised to make one, after the decision of the Supreme Court shall have been announced, with costs of this appeal to appellant.