## RADIO CORPORATION OF AMERICA v. HOHENSTEIN et al.

(Circuit Court of Appeals, Second Circuit. April 2, 1923.)

No. 187.

Patents ⊚⟹286—Conditional assignee of right to sue for infringement of patent held not entitled to sue.

   Conditional assignee of claims for infringement of patents against certain infringers *held* not entitled to sue for either past or threatened future infringements, not having title to the patent itself, nor an exclusive license.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Radio Corporation of America against Jacob Hohenstein, Louis M. Rosenthal, and the Liberty Appliance Corporation, with whom were impleaded Gustave Hohenstein, Lewis Michaels, and Lester Hoffstadt. From an order granting an injunction pendente lite against them Jacob Hohenstein, Louis M. Rosenthal, and the Liberty Appliance Corporation appeal. Reversed.

Charles J. Holland, of New York City, for appellants.

L. F. H. Betts and Abel E. Blackmar, Jr., both of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This suit is for infringement of letters patent No. 841,387, issued January 15, 1907, and No. 879,532, issued February 18, 1908. The former is for a device for amplifying feeble electrical currents; the latter, for space telegraphy. They provide for vacuum tubes, used as detectors and amplifiers in radio receiving sets. A motion was made and granted, after issue was joined, for an injunction pendente lite, which restrained the three appellants "from directly or indirectly making or causing to be made, using or causing to be used, leasing or causing to be leased, selling or causing to be sold, advertising or offering for sale, use, or lease, or causing to be advertised, offered for sale, use, or lease, agreeing or contracting to sell or lease, or causing to be agreed or contracted for sale or lease," supplying, installing, or threatening to make, use, lease, sell, supply, or install, any instruments, structures, or appliances known as "Phonotron," embodying or employing the inventions or improvements of the patent in suit. Since the order was entered as against the three appellants only, the other named defendants do not appeal.

The appellee maintains the action as an alleged assignee. This instrument in part reads as follows:

"Hereby assigns and sets over to the Radio Corporation of America all claims recoverable in law or in equity, whether for damages, profits, savings, or any other kind or description, which the American Telephone & Telegraph Company has against said infringer, arising out of the infringement by said infringer of the aforesaid De Forest patents numbered 841,387 and 879,532, and, for the same considerations, assigns and sets over all the rights which it now has arising from said patents of excluding said infringer from the prac-

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tice of the inventions of said patents, the intention being that, in so far as concerns the exclusion of said infringer under said patents, the Radio Corporation of America shall be vested with as full rights in the premises as the American Telephone & Telegraph Company would have had, had this assignment not been made, and that the Radio Corporation of America shall have the full right to bring suit on said patents, either at law or in equity, against said infringer, and for its own benefit to exclude the said infringer from practicing the inventions of said patents, and for its own use and benefit to collect damages, profits, and savings which may arise by reason of the future infringement of said patents by the said infringer; but nothing herein contained shall in any way affect or alter the rights of the American Telephone & Telegraph Company against others than the said infringers, and for the same consideration all rights which are herein given as against the said infringer are given as against any successor or assignee of the business thereof."

The complaint in the action sets forth in paragraph sixth that the De Forest Radio Telephone & Telegraph Company assigned to the American Telephone & Telegraph Company, the entire right, title, and interest in said letters patent; that said De Forest Radio Telephone & Telegraph Company "has not parted with any rights, title, or interest in said letters patent, except as hereinbefore stated." The De Forest Company is said to be the owner of the patents having licensed the Western Electric Company, a subsidiary of the American Telephone & Telegraph Company, and the bill of complaint pleads sufficient to demonstrate that the De Forest Company, as such owner, has instituted an action in the United States District Court for the Southern District of California, in which it joined with it the American Telephone & Telegraph Company as a party plaintiff. Appellee's claim here is based on its right to sue the particular infringers named herein as defendants by reason of such rights as were conveyed to the appellee by the assignment in question. The question on this appeal is whether the assignment sustains the right to sue for either past or threatened future infringements. The instrument conveys an alleged cause of action as against these appellants, but not as against others. It recites that the appellants are believed to have been manufacturing and selling devices, and in so doing infringed the patents in suit; that the appellee is the licensee of the American Telephone & Telegraph Company, and that the appellants are in competition with it; and that the appellee is desirous of acquiring from the American Telephone & Telegraph Company "all of its rights of exclusion under said patent so far as the same may be exercised" against said appellants, together with "all rights of said American Telephone & Telegraph Company against said appellants arising out of the infringement as aforesaid." Thus it is sought to have conveyed to the appellee whatever rights for damages, profits, savings, or any other kind or description the American Telephone & Telegraph Company had against these appellants under the two patents in suit. But there is also conveyed the right for its own use and benefit, to collect damages, profits, and savings which may arise by reason of the future infringement of said patents. It is not an absolute assignment. The appellants may be sued again by the assignor, if there should be a default in the condition of the assignment. In the event of such default, the right to sue would revert back to the American Telephone & Telegraph Company.

An act of infringement is a tort for which a law action will lie. There can be no assignment of a future tort action, for the act of tort (infringement) may never be committed. One assignor can only assign that which is his. Therefore the remedy may not be assigned, for that is the work of the courts. The basis of an equity suit for prospective or future infringement of patent is that plaintiff will suffer irreparable injury by the continued infringement. But there may be no assignment of a right to an injunction, as distinguished from an assignment, the substantial right of which secures to the party claiming it the exercise of the power of the court. There can be no assignment by the owner of a patent of the remedy to which the patent entitled him, unless he also assigns the patent itself, out of which the remedy grows. A contract for the future or any portion of the patent right may be good as against the parties as a licensee, but the legal right in the monopoly remains in the patentee, and he alone can maintain an action against a third party who commits an infringement upon it. Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504. A licensee of a patent cannot bring a suit in his own name, at law or in equity, for its infringement by a stranger. An action at law for the benefit of a licensee must be brought in the name of the patentee alone. A suit in equity may be brought by the patentee and the licensee together. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768; Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577; Paper Bag Cases, 105 U. S. 766, 26 L. Ed. 959. The rule was stated in Waterman v. MacKenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923, where an assignment was for the sale and exclusive right and license to manufacture and sell fountain pen holders throughout the United States, that such an assignment was a mere license, because it did not include the right to use the patented article. Such a license was held not to give the right to sue alone, either at law or in equity for its infringement. Justice Gray said:

"The monopoly thus granted is one entire thing, and cannot be divided into parts, except as authorized by those laws. The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. Id. § 4898. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers; in the second class, jointly with the assignor; in the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement. Id. § 4919. Gayler v. Wilder, 10 How. 477, 494, 495; Moore v. Marsh, 7 Wall. 515. In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff. Rev. St. § 4921; Littlefield v. Perry, 21 Wall. 205, 223; Paper Bag Cases, 105 U. S. 766, 771; Birdsell v. Shaliol, 112 U. S. 485–487, 5 Sup. Ct. 244. And see Renard v. Levinstein, 2 Hem. & Mil. 628."

Within this rule, the plaintiff has no exclusive license. The assignment in question provides:

"The foregoing assignment is upon the express condition that, if the said Radio Corporation of America shall attempt to transfer to any other person or persons, including the said infringer, any rights whatever in or under said patents or the inventions thereof, except upon the written consent of the American Telephone & Telegraph Company, then this assignment shall be and become absolutely null and void."

Since an injunction is granted to prevent irreparable injury, the nonexclusive licensee, who admittedly cannot suffer injury if he stands on his license, can be put in no such danger by an assignment such as we have here under consideration. The recent case of Crown Die & Tool Co. v. Nye Tool & Machine Works, 43 Sup. Ct. 254, 67 L. Ed. —— (decided by the Supreme Court February 19, 1923), we think is direct authority against the contentions of the appellee. There it appeared that the letters patent were granted on a machine for forming screw thread-cutting devices. The owner, by the assignment there in question, reciting that it had the right to exclude others from manufacturing, using, and selling such devices, and that the defendant had been manufacturing and using the devices and thus infringing the patent, and that the assignee was desirous of acquiring from the owner of the patent its rights of exclusion under said patent, so far as the same may be exercised against the defendant, together with the rights of the owner against the defendant arising out of the infringement recited, assigned to the assignee "all claims recoverable in law or in equity, whether for damages, profits, savings, or any other kind or description," which the owner had against the defendant "arising out of the infringement" of the patent in question, and "for the same consideration assigns and sets over all the rights which it now has arising from said patent of excluding" the defendant "from the practice of the invention of said patent; the intention being that, in so far as concerns the exclusion" of the defendant "under said patent," the assignee "shall be vested with as full rights in the premises" as the owner would have had, "had this assignment not been made," and the assignee "shall have the full right to bring suit on said patent, either at law or in equity," against the infringer "for its own benefit," and it conveyed the right and benefit "to collect damages which may arise by reason of the future infringement of said patent," and it was recited that "nothing herein contained shall in any way affect or alter the rights of" the owner "against any other than" the particular infringer. There Chief Justice Taft said:

"The error in the position of the respondent and the court below is in a failure to distinguish between the property or title or interest in a patent capable of assignment and the chief incident of that property, title, or interest, an incident which can only pass by assignment when attached to the right to make, use, and vend. It is the fact that the patentee has invented or discovered something useful, and thus has the common-law right to make, use, and vend it himself, which induces the government to clothe him with power to exclude every one else from making, using or vending it. In other words, the patent confers on such common-law right the incident of exclusive enjoyment, and it is the common-law right with this incident which a patentee or an assignee must have. That is the implication of the descriptive words of the grant, 'the exclusive right to make, use, and vend the invention.'"

And further the court said:·

"For the reasons given, we think the attempted assignment in this case carried no part of the title to the patent or interest in it, and therefore conferred no right to sue for damages for infringement of the patent after the execution of the instrument. * * * The plaintiff below could not bring such a suit for past infringements without joining with it the owner of the patent when the infringements were committed. It is said that the claim of an owner of a patent for damages for infringement is only a chose in action, which in modern days may be so assigned that the assignee acquires full title and the right to sue at law as well as in equity without joining his assignor. This view ignores the peculiar character of patent property and the recognized rules for the transfer of its ownership and its incidents. Patent property is the creature of statute law, and its incidents are equally so, and depend upon the construction to be given to the statutes creating it and them, in view of the policy of Congress in their enactment."

The court approved the rule laid down by Circuit Judge Blatchford in Gordon v. Anthony, 16 Blatchf. 234, 10 Fed. Cas. 773, No. 5,605, that both at law and in equity either the owner of the patent at the time of the past infringement or the subsequent owner of the patent, who is at the same time the assignee of the claims for past infringement, must be a party to a suit for damages for the past infringement; and if the owner of the patent, when the infringement takes place, has assigned his patent to one and his claims for damages for infringement to another, then the latter cannot sue at law at all, but must compel his assignor of the claims to sue for him. In equity both such assignor and assignee, who is the real party in interest, must join as plaintiffs. Such assignor is a necessary party, and the bill for accounting and damages is fatally defective otherwise.

We think that the appellee cannot maintain this suit, because of the lack of title under the recent decision of the Supreme Court, which authoritatively settled the question against the appellee. Since no motion is pending asking for a dismissal, we cannot direct a dismissal of the bill of complaint. The case will be remitted to the District Court, with directions to vacate the injunction pendente lite granted herein.

Order reversed.