RADIO CORPORATION OF AMERICA v. EMERSON et al.*

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

No. 129.

1. Patents ⬲286—Equity will allow suit to proceed for benefit of licensee where owner is hostile or refuses to join.

Where the owner of a patent is hostile to a licensee, or refuses to join in a suit, a court of equity will allow a suit for infringement to proceed for benefit of the licensee, permitting him to make the owner of the patent a party defendant, under Rev. St. §§ 4919, 4921 (Comp. St. §§ 9464, 9467), and equity rule 37.

2. Patents ⬲290—One claiming ownership in patents properly joined as plaintiff by licensee suing for infringement.

In a suit by a licensee for infringement of patent, defendants cannot complain that one joined as plaintiff was not a proper party, where such party makes claim of ownership in the patents and is asserting that claim, since to permit such claimant to remain a party could not be prejudicial.

3. Patents ⬲211(1)—Plaintiff in infringement suit held exclusive licensee.

Under agreements, *held*, that plaintiff in an action for infringement of patent acquired an exclusive license to use and sell devices and vacuum tubes in certain fields under patents, Nos. 803,684, 879,532, and 841,387.

4. Patents ⬲286—Exclusive licensee in certain fields entitled to sue for infringement.

A company having exclusive license for certain fields under a patent was proper party plaintiff in a suit for infringement for invasion of those fields.

5. Equity ⬲90—All parties interested should be made parties.

In a suit in equity, the general rule is that all persons interested should be made parties, in order to dispose of all the claims and end the litigation.

6. Courts ⬲343, 351½—Court did not abuse discretion in refusing to dismiss for defect in parties, when complainant moved to amend.

It was not an abuse of discretion to refuse to dismiss original bill for defect of parties, when complainant moved contemporaneously to amend its original bill, bringing in all parties having an interest, in view of equity rule No. 19.

7. Appeal and error ⬲973—Refusal to dismiss causes reversal only where gross abuse of discretion.

Where defendants moved to dismiss original bill because of defect in parties, and complainant moved contemporaneously to amend the original bill, bringing in all parties having an interest, under equity rule No. 19, an appellate court will not reverse for refusal to dismiss, unless there has been a gross abuse of discretion.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Radio Corporation of America against Alfred Emerson, Alfred Emerson, Jr., and the La France Import & Sales Company, Inc., and another, for infringement of patents. The appeal by the defendants named is from an order denying a motion to dismiss the bill of complaint, and from an order allowing the service of an amended bill of complaint, and also from a contemporaneous order to show cause containing a preliminary restraining order. Affirmed.

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 44 Sup. Ct. 456, 68 L. Ed. ——.

Samuel H. Wandell, of New York City, for appellants.

L. F. H. Betts, of New York City (James J. Cosgrove, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The appellee, the Radio Corporation of America, as the sole plaintiff, filed this bill originally, seeking to restrain the appellants from infringing letters patent Nos. 803,684, 879,-532, and 841,387; the infringement consisting of the sale of certain vacuum tubes. An accounting was demanded. The bill of complaint alleged that patents 879,532 and 841,387 were originally issued to one Lee De Forest, and that title thereto and to patent No. 803,684 became vested by assignment in the American Telephone & Telegraph Company on or about May 24, 1917, and that it has continued to own the same. It was alleged that on August 23, 1922, the American Telephone & Telegraph Company—

"transferred and assigned all its rights, arising from or under said letters patent, of excluding the above-named defendants from the practice of the inventions of said letters patent. to the Radio Corporation of America, the plaintiff here, together with all claims recoverable in law or equity, whether for damages, profits, or savings, or any other kind or description, which the said American Telephone & Telegraph Company had against the above-named defendants arising out of said defendant's infringement of said letters patent, giving and assigning unto the said Radio Corporation of America the full right to bring suit on said letters patent, either at law or equity, against said defendants, and for the benefit of the Radio Corporation of America to exclude said defendants from practicing the inventions of said letters patent, and for said Radio Corporation of America's own use and benefit to collect damages, profits, and savings which may arise by reason of the future infringement of said letters patent by said defendants."

The answer denied the allegations of the bill generally, and it also denied the right of the plaintiff to maintain the action. It alleged a defect of parties, in that the De Forest Radio Telephone & Telegraph Company and the American Telephone & Telegraph Company were not joined in the action. It claimed that the bill was therefore defective.

On motion of the plaintiff, a preliminary injunction was granted, restraining the infringement of claims 4 and 6 of patent No. 841,387 and claims 2, 3, 6, 14, 18, and 21 of patent No. 879,532. This injunction was subsequently vacated after the decision of the Supreme Court in Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 43 Sup. Ct. 254, 67 L. Ed. 516. See, also, Radio Corp. v. Hohenstein (C. C. A.) 289 Fed. 757. Thereafter a motion was made by the appellant for a dismissal of the bill, resulting in one of the orders appealed from, and contemporaneous with this a motion was made for leave to amend bringing in additional parties. The motion to dismiss was denied, and the motion to amend granted, and the order to show cause with the temporary restraining order was also granted. There are many assignments of error, but the underlying question is the right of the complainant named in the amended bill to maintain this action. The De Forest Company has been made a party plaintiff and the American Telephone & Telegraph Company, party defendant. The latter refused to join as a plaintiff, and after due request was named as a defendant.

It is urged that the appellees have no such right, title, and interest as will permit them to maintain this action under Rev. St. § 4919 (16 Stat. 207 [Comp. St. § 9464]), providing that damages for infringement of patent may be recovered in an action, and Rev. St. § 4921 (16 Stat. 206 [Comp. St. § 9467]), providing for an injunction in restraint of infringement and damages by a party interested, such as a patentee, assignee, or grantee. The appellants insist that the ownership in the patent is not in either of the plaintiffs named in the bill, and that the question of infringement cannot be contested in this suit, where one (the American Telephone & Telegraph Company) in whom the title resides is made a party defendant.

The amended bill makes profert of the agreements by virtue of which the American Telephone & Telegraph Company acquired its rights under the patent in suit. It pleads and makes profert of the license agreements, and alleges that by virtue thereof the Radio Corporation on July 1, 1920, acquired the exclusive license (except for certain nonexclusive rights of the De Forest Company) to sell and use radio devices, vacuum tubes, etc., for radio amateur use, and for wireless telegraphy use, embodying the inventions of the letters patent in suit. It charges a continuing infringement by the appellants of the manufacture and sale of the vacuum tubes for radio use, including amateur use, and that such infringement is resulting in irreparable injury and damage to the appellee and the American Telephone & Telegraph Company's rights under the patents, and, unless restrained by injunction, further immediate and irreparable damage will result to the appellee and the defendant American Telephone & Telegraph Company before a motion can be heard and determined seeking a preliminary injunction therefor, and it prayed for a restraining order. It alleges that the American Telephone & Telegraph Company is jointly interested with the plaintiff in the suit. and that before the commencement of the suit and the filing of the amended bill the American Telephone & Telegraph Company was requested to consent to become a coplaintiff, but declined, and therefore it was made a party defendant.

No answer was filed to this amended bill by the appellants, but the American Telephone & Telegraph Company did file an answer, admitting that it declined to become a party plaintiff, and making no objection to being joined as a defendant. It admits that it is jointly interested in the suit with the plaintiffs in the relation of licensor and licensee, and in effect admits that the appellee and the American Telephone & Telegraph Company have substantial rights under the patent.

Equity rule No. 37 provides that:

"Persons having a united interest must be joined on the same side as plaintiffs or defendants; but, when any one refuses to join, he may for such reason be made a defendant."

[1] It is conceded by the appellees that the owner of the legal title is the American Telephone & Telegraph Company. The latter admits its declination to become a party plaintiff, and is unwilling to join with the exclusive licensee, the Radio Corporation of America, in a suit in equity for infringement of the licensee's rights. Where the owner

of a patent is hostile to a licensee, a court of equity will allow a suit to proceed for the benefit of the licensee, permitting him to make the owner of the patent a party defendant. Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577; Libbey Glass Co. v. McKee Glass Co. (D. C.) 216 Fed. 172, affirmed without opinion 220 Fed. 672, 136 C. C. A. 314. A licensee has been permitted to join an unwilling owner of a patent as a party plaintiff, where such party resides without the jurisdiction of the court, and therefore cannot be served with process as a defendant. Brush-Swan Co. v. Thomson-Houston Co. (C. C.) 48 Fed. 224; Brush-Swan Co. v. California etc. Co., 52 Fed. 945, 3 C. C. A. 368. And where the patent owner is under injunction from bringing any suit for infringement, this court permitted the licensee to join him as a plaintiff. Hurd v. James Goold Co., 203 Fed. 998, 122 C. C. A. 298.

The reasoning of these cases is that the patentee has been granted exclusive rights under the patent, which are claimed to be infringed. The only protection offered to the licensee is a suit for infringement. If the owner, after opportunity is afforded to him, refuses to join voluntarily in the suit, the right of the licensee to join the owner is implied from the license contract, and when he is made a party he is therefore regarded as in court on his implied consent. This is essential in the interest of justice, where the owner or licensor is hostile to the licensee, and where he will not or cannot join in the suit, he will not be permitted to invade by such action the exclusive rights which he has granted. If the Radio Corporation of America is the exclusive licensee, it owns valuable equitable and legal rights, which should be protected by a court of equity as against infringement of such rights. Therefore, in the case here at bar, a decree in equity can be entered, so as to protect all parties in suit, irrespective of whether the owner appears as a plaintiff or a defendant.

[2] It is argued that the De Forest Company was improperly joined as a party plaintiff. The argument is that it was not the owner of the patents, and, as it is only a nonexclusive licensee, it is not a proper party. It makes claim to ownership in the patents, and has become a party plaintiff to assert that claim. Its interest in the patents should be determined at final hearing. To permit it to remain a party plaintiff is not prejudicial to any rights of the appellants. Indeed, it is a protection to the appellants in any possible future claim which the De Forest Company might base on acts of infringement, if it should eventually turn out to have some ownership in the patents.

[3] It is argued by the appellants that the Radio Corporation of America is not an exclusive licensee. Under an agreement dated November 20, 1919, the General Electric Company entered into an agreement with the Radio Corporation of America which is to continue until 1945. Article 2 of this agreement grants:

"An exclusive divisible license to use and sell * * * for radio purposes under all patents, applications of patents, inventions, and rights or licenses under or in connection with patents, which the General Company now owns or controls, or which it may acquire during the term hereof. * * *"

Under date of July 1, 1920, the American Telephone & Telegraph Company entered into an agreement with the General Electric Com-

pany, by the terms of which the latter company acquired exclusive and nonexclusive licenses under all the patents and rights to and under patents of the Telephone Company, including the patents in suit, during the terms thereof, throughout the United States. The exclusive rights acquired by the General Electric Company under the agreement included the right to make, use, and sell (1) in commercial wireless telegraphy, for profit or toll; (2) in the field of wireless telephony, for commercial communication, for profit or toll, by and between airplanes, ships, and automotive devices, except railway vehicles; (3) in the amateur wireless telegraphy field and in amateur wireless telephone field, excepting only the prior reserved personal, nonexclusive, and nontransferrable De Forest license; (4) in the field of wireless telephony, but not for public service, where the business use thereof is incidental, or where at least one of the stations is portable, excepting only the De Forest license; (5) in the field of wireless telephony, by electric light, electric power, and electric traction companies, excepting only the said De Forest license. This agreement provides that each party may assign and grant special licenses under any of the rights granted by the agreement, providing that the assent of the other party is first obtained.

On July 1, 1920, an agreement was made between the same parties, the Radio Corporation and Western Electric Company, referred to as an extension agreement, by which the American Telephone & Telegraph Company consented to the acquisition by the Telephone Company from the General Electric Company of any rights or licenses under the patents which were acquired by the General Electric Company under the agreement of July 1, 1920. We think that by virtue of these agreements, the Radio Corporation acquired an exclusive license to use and sell devices and vacuum tubes in the fields therein specified under the patents in suit. It gave the Radio Corporation the sole right to use and sell radio devices and vacuum tubes, employing the invention in suit in the fields above described where toll or profit was made; in other words, for commercial communication between ships, airplanes, and automotive devices. The owner of the patents and all others were excluded from such fields. The radio amateur field is covered by a license to sell the patent devices or tubes granted to the Radio Corporation, with some reservations to sell under limited conditions to the De Forest Company. With the exception of the personal nonexclusive and nontransferrable license of the De Forest Company, the Radio Corporation's interest or right in this field is also exclusive. We regard these interests of the Radio Corporation as property rights, and such exclusive interests and rights were apparently very valuable. The Radio Corporation is therefore in the position of an exclusive licensee under the De Forest patents.

[4, 5] It is urged that the Radio Corporation is not a proper party plaintiff. In suits for infringement for invasion of the fields covered by these licenses, the appellants could, in equity, properly plead the absence of the Radio Corporation as a party. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768; Daimler v. Conklin (C. C.) 145 Fed. 955. In a suit in equity, the general rule is that all the per-

sons interested should be made parties in order to dispose of all the claims and end the litigation. Any party who will be directly affected by the decree is a necessary or indispensable party, and where a party may be directly affected by the decree, a court of equity will not proceed without him, if he is within the jurisdiction of the court. Williams v. Bankhead, 19 Wall. 563, 22 L. Ed. 184. The Radio Corporation is properly a party plaintiff.

[6] It was not an abuse of discretion to refuse to dismiss the original bill, when the appellees moved contemporaneously to amend its original bill, bringing in all parties having an interest. Equity rule No. 19 provides:

"The court may, at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading."

[7] It is only where there has been a gross abuse of discretion that an appellate court will reverse. Wright v. Hollingsworth, 1 Pet. 165, 9 L. Ed. 96; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Mex. Ry. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715; Williams v. Cobb, 219 Fed. 663, 134 C. C. A. 217. Indeed, we regard it as a proper exercise of judicial discretion to deny the application to dismiss the bill and to grant the amendment, so as to allow all those interested to be made parties and finally determine their rights under their respective claims. The appellants also appeal from the injunction granted in the order to show cause returnable as a motion. We will not say that the District Court abused its discretion in granting this order.

We are referred to the cases of Crown Co. v. Nye Tool Co., 261 U. S. 24, 43 Sup. Ct. 254, 67 L. Ed. 516, and our own decision in Radio Corporation v. Hohenstein (C. C. A.) 289 Fed. 757, also Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504, Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923, and Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768, as in support of the appellants' argument. In the Crown Co. Case, an assignment transferring the right to exclude an infringer from practicing the invention of the patent, together with damages and profits on account of the infringer's past and future infringements, was held not to transfer any part of the title or interest in the patent, and conferred on the assignee no right to sue for an injunction, or for damages and profits, without joining the owner of the patent as a party to the suit. Our own decision (Radio Corp. v. Hohenstein, supra) is to like effect.

In Waterman v. Mackenzie, supra, a license to make and sell a patented improvement throughout the United States was granted. There was no transfer of the exclusive right to use. The Supreme Court held the licensee could not sue, because it did not obtain title to the patent by reason of the transfer, and that a subsequent transfer in the form of a mortgage was an assignment of the whole title in the patent, and therefore the transferee of that interest was the person entitled to maintain the suit. The rule as to the right to maintain an action for infringement is clearly set forth in that case. The court stat-

ed that a suit in equity for infringement of patent must never be brought in the name of the licensee alone, unless it was necessary to prevent an absolute failure of justice, and that any rights of the licensee must be enforced through or in the name of the patent owner, and perhaps, if necessary, to protect the rights of all parties joining the licensee with him as a plaintiff.

· In the Birdsell v. Shaliol Case, supra, it was held that a decree in a former suit by a patent owner against a defendant for making and selling a patented machine was not a bar to another suit by the patent owner and licensee, suing another defendant, who afterwards used one of the machines, which was held to be an infringement in the former suit.

Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504, was an action at law for damages for infringement by the owner of the patent against a manufacturer of safes. The owner granted to a third party the sole and exclusive license to make and sell only the patented safes in the city and state of New York, and nowhere else, on payment of royalties. He reserved to himself the right to manufacture the safes in the state of New York, providing the manufacture was not within 50 miles of the city of New York, and to sell them outside of the state, but, if so sold within New York state, he was to pay the licensee the same royalty that the licensee agreed to pay him. The court held that the agreement was not an assignment of the undivided interest in a home monopoly, nor an assignment of the exclusive right to the entire monopoly of the state and city of New York. It was a mere license, leaving the title of the patent in the original owner, by whom the action was properly brought.

We see no error in the determination below. The orders are affirmed.