## RADIO CORPORATION OF AMERICA v. INDEPENDENT WIRELESS TELEGRAPH CO.

(Circuit Court of Appeals, Second Circuit. March 3, 1924.)

### No. 245.

1. **Patents ⊕290—Exclusive licensee held entitled to sue in own name and name of patent owner, without latter's consent.**

   An exclusive licensee of a patent, under contract reserving to patentee certain nonexclusive, nontransferable, and personal licenses, *held* entitled to sue in equity to protect its rights in its own name and that of the patent owner, without the consent of the latter.

2. **Patents ⊕310(11), 327—Bill joining patent owner as plaintiff, verified by exclusive licensee and its solicitors, held sufficiently verified, and decree res judicata.**

   Under equity rule 25, providing that, if special relief pending suit is desired, the bill shall be verified by oath of plaintiff or some one having knowledge of the facts, a bill by exclusive licensee for infringement of patents, naming patent owner as party plaintiff, signed and verified by licensee, and signed by one of its solicitors, *held* sufficient, though not signed or verified by or in behalf of patent owner, in view of the implied power given licensee by the exclusive license, and a decree in the suit would be res judicata in any suit for infringement brought by patent owner.

3. **Patents ⊕290—Exclusive licensee held necessary party to suit for infringement by patent owner.**

   An exclusive licensee of a patent would be a necessary party to a suit for infringement by patent owner, who reserved certain nonexclusive, nontransferable, and personal licenses.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Radio Corporation of America, impleaded, etc., against the Independent Wireless Telegraph Company, impleaded, etc., for infringement of letters patent Nos. 841,387 and 879,532. From a decree dismissing the bill of complaint (297 Fed. 518), the named plaintiff appeals. Reversed.

L. F. H. Betts, of New York City, for appellant.

Pennie, Davis, Marvin & Edmonds, of New York City (William H. Davis and Willis H. Taylor, Jr., both of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The bill of complaint was dismissed below on a motion made by the appellee, Independent Wireless Telegraph Company. The suit is for infringement by the Independent Wireless Telegraph Company of the De Forest audion, United States patents Nos. 841,387 and 879,532. The inventions were assigned by De Forest to the interpleaded plaintiff company, and it granted an exclusive license to the Western Electric Company, which granted the right to make, use, and sell the inventions in suit for the term of their existence, subject to a license theretofore given to the defendant American Telephone & Telegraph Company. The De Forest Company, however, reserved certain nonexclusive, nontransferable, and personal licenses to make and sell the patented apparatus for specific purposes which are immaterial here. The Western Electric Company assigned all its rights in the contract to the American Telephone & Telegraph Company, and therefore all the interest in the patent in suit, except that reserved by the De Forest Company, vested in the American Telephone & Telegraph Company. Later the General Electric Company made a contract with the Radio Corporation of America, by which it granted to it an exclusive license to use and sell for radio purposes all inventions then owned by it or thereafter acquired. The agreement defined radio purposes as a transmission or reception of communications by what are known as electro-magnetic waves, but not wire.

It appears from the bill of complaint that at this time the General Electric Company had no interest in the patents in suit, but on July 1, 1920, after the agreement, the defendant American Telephone & Telegraph Company and the General Electric Company entered into a contract by which they exchanged rights in the various patents or applications owned or controlled by them. By that contract there was conferred upon the General Electric Company (a) a nonexclusive license to make wireless apparatus for the United States; (b) an exclusive license in the field of wireless telegraphy; (c) an exclusive license to make, use, and sell wireless telephone apparatus for communication between automotive vehicles, except railways; (d) an exclusive license to make, use, and sell such apparatus for amateur purposes, or where the business use is incidental, or where one of the stations is portable; (e) an exclusive license to make, sell, and use wireless telephone appara-

tus for electric light, power, and traction companies. At the same time the American Telephone & Telegraph Company consented to the extension by the General Electric Company of its rights acquired to the appellant. Thus the American Telephone & Telegraph Company, having full rights in the patents in suit, subject to the reserved licenses of the De Forest Company, granted exclusive licenses to the General Electric Company for certain uses of these patents, and the appellant has licenses from the General Electric Company to use and sell the patented apparatus for radio purposes, and if the General Electric Company will not provide it with apparatus to make the same.

[1] The reason given for the dismissal was the lack of parties to the bill of complaint. We held in Radio Corporation of America v. Emerson, 296 Fed. 51 (decided January 7, 1924), that under the agreements found in that record, which are the same as contained in this record, the Radio Corporation is the exclusive licensee of the patents here in suit. The argument there was that it was not the owner of the patents, and, as it was only a nonexclusive licensee, it was not a proper party. There the De Forest Company made claim to the patents and voluntarily asserted that claim as such party. We said that its interest could be determined at final hearing, and that to permit it to remain a party plaintiff was not prejudicial to any of the other complainants. And we said:

"Indeed, it is a protection to the appellants in any possible future claim which the De Forest Company might base on acts of infringement, if it should eventually turn out to have some ownership in the patents."

We held that the appellant acquired an exclusive license to use and sell devices and vacuum tubes in the fields therein specified in the agreements under the De Forest patents in suit, and we said:

"It gave the Radio Corporation the sole right to use and sell radio devices and vacuum tubes employing the inventions in suit in the fields above described, where toll or profit was made; in other words, for commercial communication between ships, airplanes, and automotive devices. The owner of the patents and all others were excluded from such fields. The Radio amateur field is covered by a license to sell the patent devices or tubes granted to the Radio Corporation, with some reservations to sell under limited conditions to the De Forest Company. With the exception of the personal nonexclusive and nontransferable license of the De Forest Company, the Radio Corporation's interest or right in this field is also exclusive. We regard these interests of the Radio Corporation as property rights, and such exclusive interests and rights were apparently very valuable. The Radio Corporation is therefore in the position of an exclusive licensee under the De Forest patents."

The question on this appeal differs from that presented on the Emerson appeal only in that there the De Forest Company was a willing party plaintiff, whereas here it is made a party plaintiff without its express consent. Since it refused consent here, as is set forth in the twenty-fifth paragraph of the bill of complaint, it was permissible for the appellant to name the De Forest Company as a party plaintiff, under the doctrine of Brush-Swan Co. v. Thomson-Houston Co. (C. C.) 48 Fed. 224, Brush Electric Co. v. California, etc., 52 Fed. 945, 3 C. C. A. 368, and Hurd v. Jas. Goold Co., 203 Fed. 998, 122 C. C. A. 298. An exclusive licensee may maintain an action in equity in his name and that

of the owner of the patent right, and may prosecute his claim without the co-operation—indeed, against the objection—of the owner, Chisholm v. Johnson (C. C.) 106 Fed. 191; Walker on Patents (5th Ed.) § 400.

[2] The instant bill of complaint was not signed or verified by or on behalf of the De Forest Company and its solicitors, and it is argued that therefore the suit is not brought in the name of such company, within the meaning of the statute and rule established in the foregoing cases, and that a decision in this suit would not protect the appellees against further suits by the De Forest Company, and, further, it is said that the appellant is not such an exclusive licensee as can avail itself of the rules set forth in the foregoing cases. Equity rule 25 provides that:

"If special relief pending the suit is desired, the bill should be verified by the oath ·of the plaintiff, or some one having knowledge of the facts upon which such relief is asked."

The De Forest Company here is named, not only in the caption, but also in the bill as a party plaintiff. The bill is signed and verified by the appellant and signed by one of its solicitors. Such a verification by the appellant complies with both the terms and spirit of rule 25. The name of the De Forest Company might have been signed by the appellant or its solicitors as its agents, under the implied power given by the patent owner when he granted an exclusive license. The failure to sign the bill by it under the power of attorney can be corrected by amendment, if there were need therefor.

[3] We pointed out in the Emerson Case that there was no just fear of a successful second suit against the appellees on account of the acts charged in the bill of complaint as infringements by or on behalf of the De Forest Company. If such a suit were started, the appellant, as exclusive licensee, would be a necessary party thereto. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768; Daimler v. Conklin (C. C.) 145 Fed. 956. A decision in the present case would be res adjudicata as against any such suit. We have heretofore held that appellant's license entitles it to sue in the name of the patent owner, and this disposes of the last argument of the appellee. Radio Corp. v. Emerson, supra.

Decree reversed.