**USSESA SALES CO., Inc., v. JOSAM MFG. CO. et al.**

District Court, S. D. New York.
Jan. 17, 1933.

Cooper, Kerr & Dunham, of New York City (T. J. Byrne and E. D. Given, both of New York City, of counsel), for defendants.

Edward M. Evarts, of New York City, for plaintiff.

WOOLSEY, District Judge.

This motion is granted only to the extent that the bill of complaint is dismissed without prejudice in pursuance of Supreme Court Equity Rule 26 (28 USCA § 723), for the reason that in it are joined an action at law for damages on two patents which have expired with a suit in equity on two unexpired patents.

In all other respects the motion is denied without prejudice to its renewal at some later date in such manner as will comply with the requirements of the Equity Rules of the Supreme Court.

I. The plaintiff makes a preliminary objection to the scope of this motion on the ground that it does not properly comply with the provisions for motions contained in Supreme Court Equity Rule 29 (28 USCA § 723) because it is based on matters outside the bill of complaint.

After careful consideration, I have come to the conclusion that the plaintiff is right in this position. Consequently, I hold that in view of the provisions of Equity Rule 29 I must be confined in dealing with this motion to infirmities, appearing on the face of the bill of complaint, which amount to defenses in point of law to the whole or a material part thereof, and that in view of that rule I cannot entertain this motion in so far as it goes outside such apparent infirmities and re-

lies on affidavits and exhibits not part of the bill of complaint.

At first I had assumed that the motion to dismiss made in Radio Corporation of America v. Independent Wireless Company, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357, in which the Supreme Court affirmed a decision of the Circuit Court of Appeals for this circuit, 297 F. 521, which in turn had reversed a decision of this court, 297 F. 518, would prove to be a precedent for my entertaining this motion. But an examination of the printed record of that case in the Supreme Court shows that the motion to dismiss was there made on the bill of complaint as amplified by a bill of particulars, with exhibits annexed filed by the complainant.

Such a situation is not procedurally in pari materia with the situation here, for here the defendant files affidavits and exhibits in support of his motion. Therefore, the motion here is based by the defendant not on the weakness of its adversary's case but on the strength of its own. It is in effect a motion for summary judgment in abatement and does not fall within the provisions of Equity Rule 29 for motions. Consequently, I must disregard the affidavits and exhibits of both parties and direct my attention only to the complaint, leaving the extremely interesting questions here involved to be dealt with hereafter in such manner as the Equity Rules prescribe.

II. This litigation involves four patents.

Of these, two—U. S. Patent No. 975,081, issued on November 8, 1910, and U. S. Patent No. 1,057,174, issued on March 25, 1913—had expired when the bill of complaint was filed herein.

The other two patents with which we are concerned—U. S. Patent No. 1,192,569, issued on July 25, 1916, and U. S. Patent No. 1,407,936, issued on February 28, 1922—have not yet expired.

III. Supreme Court Rule No. 26 (28 USCA § 723) dealing with joinder of causes of action reads (italics mine):

"The plaintiff may join in one bill as many causes of action, *cognizable in equity*, as he may have against the defendant."

The present suit was brought on June 16, 1932. It consists of two alleged causes of action—the first an action at law—under Revised Statutes, § 4919, title 35 United States Code, § 67 (35 USCA § 67)—for treble damages for infringement of the two expired patents, i. e., No. 975,081 and No. 1,057,174, and the second, a suit in equity—under Revised Statutes, § 4921, title 35, United States Code, § 70 (35 USCA § 70)—alleging infringement and asking for the usual injunction and accounting on the unexpired patents, i. e., No. 1,192,569 and No. 1,407,936.

There is, therefore, a clear misjoinder of causes of action here, Bucyrus Company v. McArthur (D. C.) 219 F. 266, 271, for the first alleged cause of action is an action at law not cognizable in equity because there is elsewhere an adequate remedy. Root v. Lake Shore & M. S. Railway Company, 105 U. S. 189, 207, 214, 217, 26 L. Ed. 975; cf., also, Lewis v. Cocks, 90 U. S. (23 Wall.) 466, 470, 23 L. Ed. 70; Parker v. Winnipiseogee Lake, etc., Co., 67 U. S. (2 Black) 545, 551, 17 L. Ed. 333; Hipp et al. v. Babin et al., 19 How. 271, 278, 279, 15 L. Ed. 633.

IV. The question of misjoinder of the two causes of action alleged herein, whilst not raised in the motion papers, was made on the argument and then fully discussed. Therefore, it may properly be considered as part of the motion, especially as it is a matter which the court could itself raise on its own motion, and such misjoinder is properly challengeable by a motion to dismiss under Equity Rule 29 (28 USCA § 723).

The result is that the bill of complaint must be dismissed for misjoinder of causes of action without prejudice to such subsequent steps herein as the plaintiff may be advised to take. These I hope will be along the lines of the suggestion made by me to counsel at our conference yesterday.

Note. On argument further had April 5, 1933. The relief granted in this case was changed on settlement of the order so that the law action was severed from the suit in equity, and then transferred to the Law Docket with a provision for the filing of amended complaints both on the Equity Docket and on the Law Docket.