## SCHELL v. LEANDER CLARK COLLEGE et al.

(Circuit Court of Appeals, Eighth Circuit. October 8, 1924.)

No. 6544.

1. **Religious societies ☞31 (2)—Single member of unincorporated church association could bring suit for himself and all other members.**

If unincorporated church association had any enforceable equity against defendants, member of church, for himself and all other members similarly situated, could sue to enforce it.

2. **Religious societies ☞31 (2) — Association held not to have deprived itself and members of right to sue board of education to prevent violation of trust by reason of having delegated to it power to supervise schools.**

An unincorporated church association, by delegating to its board of education, a corpora-

tion, power to supervise schools and to determine what schools should be established, discontinued, relocated, or consolidated, did not deprive itself and its members of right and power to sue its colleges and their trustees to prevent violations of trust and for accountings for property wrongfully disposed of.

**3. Courts ⊜351½—Bill not dismissed for misjoinder of causes of action.**

A bill is not to be dismissed because of misjoinder of causes of action, but, if causes cannot be conveniently tried together, separate trials will be ordered, in view of federal equity rule 26.

**4. Equity ⊜90 — Not indispensable that all parties have interest in all matters contained in litigation.**

It is not indispensable that all parties to suit should have interest in all matters contained in litigation, it being sufficient if there is common point of litigation, and that each party has interest in some essential matters involved, which are connected with the others.

**5. Equity ⊜362 — Bill not to be dismissed, though all parties did not have interest in all matters contained in litigation.**

A bill by members of unincorporated church association to prevent transfer by church college of endowment fund to another college for purposes of consolidation, and for an accounting by trustees of college for value of campus, and other relief, *held* not subject to dismissal, though all parties did not have interest in all matters contained in litigation.

**6. Equity ⊜148(1)—Where practical and convenient for court to deal with claims or causes of action presented in one suit pleading is not "multifarious."**

Where it is as practical and convenient for court and parties to deal with claims or causes of action presented in one suit as in many, pleading is not "multifarious," and should be sustained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Multifariousness.]

**7. Courts ⊜347—Cause of action at law intermingled with equitable matters triable in equity.**

Causes of action at law intermingled with causes of action in equity are triable in equity court under federal equity rule 26.

**8. Action ⊜22 — Claim by unincorporated church association against trustees of college for accounting held cause of action in equity for violation of trust.**

A claim by unincorporated church association against trustees of college for accounting *held* within equity jurisdiction in cases of violation of trusts.

**9. Colleges and universities ⊜6(5)—College and trustees held not exempt from liability at law or in equity, at suit of cestuis que trust or contractees, for breach of trust.**

College and trustees *held* not exempt from all liability at law or in equity at suit of cestuis que trust, or contractees, for breach of trust and violation of contracts under which they hold property of cestuis, or contractees, because Code Iowa 1897, § 1647, under which college was incorporated, provides that its trustees "have the control and management of its affairs and funds."

**10. Equity ⊜363—Where bill establishes trust in college for benefit of church, its allegations are admitted by motion to dismiss.**

Averments in bill against college and trustees that defendants held endowment fund and campus in trust for church are admitted by motion to dismiss bill, and if there is anything in articles of incorporation of college or elsewhere in conflict with or avoidance of averments, burden is on defendants to plead and prove it.

Appeal from the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

Suit in equity by William E. Schell, as a member of the Church of the United Brethren in Christ, etc., against Leander Clark College, an Iowa corporation, and others. Decree for defendants, and plaintiff appeals. Reversed and remanded.

Lee Warren James, of Dayton, Ohio (Joseph Bradford Coolidge, of Dayton, Ohio, on the brief), for appellant.

H. E. Spangler, of Cedar Rapids, Iowa, and G. H. Struble, of Toledo, Iowa (Struble & Stiger, of Toledo, Iowa, and Deacon, Sargent & Spangler, of Cedar Rapids, Iowa, on the brief), for appellees.

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

SANBORN, Circuit Judge. This is a suit 'in equity to prevent alleged trustees from consummating an alleged breach of trust and for the restoration of, or accounting for, property alleged to have been disposed of by the alleged trustees in violation of their trust. The alleged trustees are Leander Clark College, a corporation of the state of Iowa, T. D. Crites and 20 other persons trustees of that corporation, and Coe College, another Iowa corporation, and these are the defendants in this suit.

The Church of the United Brethren in Christ, hereafter called the Church, is an unincorporated association, which for more than 100 years has conducted its religious, benevolent, and educational activities in the United States and foreign countries, and which is composed of members too numerous to join as plaintiffs in this suit. The plaintiff in this suit is William E. Schell, a member of the Church in good and regular standing, and he brings this suit as such member, on behalf of himself and the other members of the Church similarly situated.

The gravamen of the bill in equity here is that the defendants, who held in trust for the Church the campus of Leander Clark College and an endowment fund of $200,000, all of which were and are the property of the Church, in violation of their trust are about to turn over the $200,000 to the defendant Coe College, unless they are enjoined from so doing by the

court, and have transferred the campus to the state of Iowa. The relief sought is an injunction against the delivery of the $200,-000 to Coe College and an accounting for the campus.

The defendants made a motion to dismiss the bill, and after consideration the court rendered a decree to the effect that it found "that, under the facts pleaded in the bill, plaintiff, William E. Schell, should not be permitted to maintain this cause as a class suit," and "ordered and adjudged that plaintiff's bill be, and the same is, hereby dismissed." This appeal is from this order.

By their motion to dismiss the bill the defendants have admitted, and this court treats as true, the averments of facts well pleaded in the bill. Counsel for the defendants urged these three reasons why in their opinion the order of dismissal should be affirmed: First, because the Board of Education was the only proper plaintiff in this suit; second, because there is a misjoinder of causes of action, in that the complaint seeks an injunction against the college and its trustees, to prevent the delivery of $200,000 to Coe College, and also an accounting for the campus from the trustees of the college; and, third, because under a statute of Iowa the trustees of the college are vested with the "control and management of its affairs and funds," and, if they hold the money or property of others in trust for the owners, they are not answerable to the cestuis que trust or to any court for their violation of their trust or disposition of the property.

[1] By the averments of the bill and the motion to dismiss it is admitted that the Church was an unincorporated association, that its members were too numerous to join as plaintiffs, and that the plaintiff is a member, and brings this suit as such member, for himself and all other members similarly situated. If, therefore, the Church had any enforceable equity against the defendants, this plaintiff may maintain this suit to enforce it. When the question is one of common or general interest to many persons, constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole. Story's Equity Pleadings (10th Ed.) § 97; Federal Equity Rule 38; 1 Foster, Federal Practice (5th Ed.) § 114, p. 423; Helm v. Zarecor, 222 U. S. 32, 33, 34, 37, 38, 32 S. Ct. 10, 56 L. Ed. 77.

Was the Board of Education the only proper party plaintiff to bring this suit? The averments of the complaint which condition the answer to this question set forth these facts: The Church has conducted its religious and educational activities in the United States for over 100 years. Its organic law is embodied in the Church Discipline, which is subject to amendment only by the general conference of the Church, which meets quadrennially. In the year 1856, as part of its religious, benevolent, and educational work, it established a church college in the state of Iowa, which for many years has been located in the city of Toledo, Iowa. Since 1903 this college has been known as Leander Clark College. Throughout its existence it has been supported by, has acknowledged allegiance to, and has recognized the domination of the Church. Under the provisions of its articles of incorporation its trustees are elected triennially by the Iowa, Minnesota, Wisconsin, and Illinois annual conferences of the Church, which, in relation to Leander Clark College, are "the co-operating conferences."

With reference to church colleges, the organic law of the Church—the Church Discipline—provided for a Board of Education, an Ohio corporation to which the Church delegated general supervisory powers over all church schools, and among them the power to determine to which annual conferences each school should be tributary. No school or college could be established, discontinued, relocated, or consolidated with any other without its consent. Leander Clark College throughout its existence met with the requirements and regulations and recognized the authority of the Board of Education and of the Church Discipline as adopted by the general conference until the year 1919.

In June, 1917, a plan of consolidation of Leander Clark College with Coe College was approved by the trustees of the former college. In the autumn of 1917 it was presented to the co-operating conferences, but none of them favored it, and when it was presented to the Board of Education, the consent of which is by the Church Discipline indispensable before any consolidation can become effective, that board disapproved of the plan and refused to consent to the consolidation. Thereupon the Board of Education made, and in September and October, 1918, presented, a new plan of consolidation to the co-operating conferences at their annual conferences, and they approved of it, and, believing that this plan

would be carried through, these conferences authorized the trustees of the college to dispose of the campus property as they saw fit. Afterward the college, through its officers and trustees, purporting to act under this authority, conveyed the campus to the state of Iowa for use as a state institution for destitute orphan children. One of the objects of this suit is to obtain an accounting from the trustees of the college of the disposition of this campus, on the ground that they and their college held it in trust for the Church.

Coe College, however, found fault with the board's plan, and the board of trustees of Leander Clark College thereupon rescinded all action they had taken adopting the plan of the Board of Education and all other action they had taken looking toward a consolidation with Coe College. Thereafter the trustees of the college drew up another and materially different plan of consolidation, presented this plan to the Board of Education, and that board disapproved and rejected it. After this disapproval and rejection, the college, in accordance with the terms of this rejected plan, transferred its endowment fund of $200,000 to the defendant H. J. Stiger, and directed him to convey it to Coe College pursuant to the terms of the rejected plan. One of the objects of this suit is to prevent the delivery of this fund to Coe College and to preserve it to the Church and its members.

[2] Counsel argue that, because the Church delegated to its Board of Education the power to supervise its church schools and to determine what church schools and when should be established, discontinued, relocated, or consolidated, it deprived itself and its members of the right and power to bring and maintain suits in equity against its church schools and colleges and their trustees to prevent violations of the trusts under which they held its property and for accountings for property by them disposed of through breaches of such trusts. But the proper party to bring and maintain this suit is the real party in interest in the property or claims in issue—in the $200,000 endowment fund and in the campus or its value. No facts are averred in the bill that indicate or tend to prove that the Board of Education has or ever had any right, title, or interest in this fund or claim, or that the transfer of the property to Coe College or to the state can ever inflict any damage upon it. The board is nothing but an administrative agent of the Church and

its members, empowered to do certain acts and decide specified questions arising in the practical operation of their business and the management of their property. It bears a relation to the Church analogous to that which an agent or committee delegated by a railroad or commercial corporation or association to manage and direct the operation of a small local portion of its business or property does to such corporation or association. On the other hand, it is alleged in the bill that the Church established the college, that it has been supported by the Church, that the college has acknowledged its allegiance to the Church and the latter's domination over it, and that by the law of the church organization the college and its trustees are prohibited from consolidating with any other college or turning over the $200,000 endowment fund without the consent of the Board of Education, which they have not obtained.

These allegations, which the motion to dismiss admits to be true, prohibit any other conclusion than that the college holds the $200,000 endowment fund in trust for the use of the Church and its members; that its delivery of that amount to Coe College will breach the trust under which it holds, and will unavoidably deprive the Church and its members of the fund, to their loss in that amount, while such disposition would inflict no loss or damage upon the Board of Education; and that the latter is not and the plaintiff is the proper party to maintain this suit in equity to prevent this breach of trust and for an accounting for its violation.

[3-5] The second reason why counsel for the defendants contend that their motion to dismiss the bill was properly granted is that there was a misjoinder of causes of action, in that the plaintiff by his bill seeks, first, an injunction against all the defendants to prevent their transferring the $200,000 endowment fund of Leander Clark College to Coe College, or the carrying out of any plan of merging Leander Clark College with Coe College, which does not have the sanction of the Board of Education; and, second, an accounting from all the defendants that are trustees of Leander Clark College for the value of the campus and such further or other relief as may be necessary and proper in the premises. But there are many reasons why these facts did not warrant a dismissal of the bill. In the first place, if there had been two causes of action stated in the bill, which could not have

been conveniently tried together, the court should not have dismissed the bill, but should have ordered separate trials. Federal Equity Rule 26. In the second place, it is not indispensable that all the parties to a suit in equity should have an interest in all the matters contained in the litigation. It is sufficient, if there is a common point of litigation, if each party has an interest in some essential matters involved in the suit and these matters are connected with the others. Brown v. Deposit Co., 128 U. S. 403, 412, 9 S. Ct. 127, 32 L. Ed. 468; Jones v. Missouri-Edison Electric Co., 144 F. 765, 780, 75 C. C. A. 631; Rogers v. Penobscot Mining Co., 154 F. 606, 614, 83 C. C. A. 380. And this bill shows that each of the parties to this suit has an interest in some essential matters involved in it.

[6] The vice of multifariousness is the union of causes of action which, or of parties whose claims, it is either impractical or inconvenient to hear and adjudicate in a single suit. Where this vice does not exist, where it is as practical and convenient for the court and the parties to deal with the claims or causes of action presented in one suit as in many, the pleading is not multifarious, and it should be sustained. Westinghouse Air Brake Co. v. Kansas City So. Ry. Co., 137 F. 26, 31, 32, 33, 71 C. C. A. 1, and cases there cited. There can be no misjoinder of causes of action in equity in any bill which presents a common point of litigation, which affects the entire subject-matter, and the decision of which will settle the rights of all the parties to the suit. Watson v. Bonfils, 116 F. 157, 159, 53 C. C. A. 535, and cases there cited. The bill tenders a common point of litigation, the alleged breach of trust of the defendants, which their motion to dismiss admits, but which, when the grant of that motion is set aside, they may desire to challenge.

[7, 8] Counsel suggest that the claim for an accounting for the value of the campus states a cause of action at law. If it does, it is triable in this court under federal equity rule 26; but, in our opinion, it constitutes a consistent part of the cause of action in equity for the violation of the trust there charged. There was no misjoinder of causes of action in this bill.

[9, 10] Are the trustees of the college and the college itself exempt from all liability at law and in equity at the suit of the cestuis que trust or contractees, for the breach of the trusts and the violation of the contracts under which they hold the property of the cestuis or contractees, because section 1647 of the Code of Iowa of 1897, under which the college was incorporated, provides that its elected trustees "have the control and management of its affairs and funds"? In support of their contention that this question should be answered in the affirmative, counsel for the defendants first argue that, because the plaintiff did not set forth at length in his bill the articles of incorporation of the college, he cannot insist that the college or its trustees hold the endowment fund or the campus in trust for the Church, or have threatened to violate or have violated that trust. But the averments of the bill clearly establish such a trust in the college for the use and benefit of the Church, and by their motion to dismiss the defendants have admitted the truth of those allegations, the trust they established, and the violation and threatened violation of it. If there is anything in the articles of incorporation of the college or elsewhere in conflict or avoidance of those averments, or of the natural and rational conclusion from them, the burden was and is on the defendants to plead and prove it. Their motion to dismiss and its unavoidable admission estop them from presenting such matters here and now.

In support of their broad proposition that the statute of Iowa, which authorized the trustees of the college to "have the control and management of its affairs and funds," exempted them and the college from liability at law or in equity for such breaches of trust as those alleged in the bill, counsel have cited and we have read the opinions in Tash v. Ludden, 88 Neb. 292, 129 N. W. 417, 421; Bradfield v. Roberts, 175 U. S. 291, 292, 293, 297, 300, 20 S. Ct. 121, 44 L. Ed. 168; Allen v. McKean, 1 Fed. Cas. p. 489, No. 229; People v. President & Trustees of the College of California, 38 Cal. 166, 173; Lupton v. Leander Clark College, 194 Iowa, 1008, 187 N. W. 496, 501. But we find nothing in the decisions or opinions in any of these cases in support of such a proposition. They go no farther than to hold that corporations and their officers may exercise the powers vested in them rightfully, not wrongfully, in accordance with, not in violation of, the principles and rules of law and equity, to convey or dispose of the property they hold.

As this case now stands, under the admitted averments of this bill, the Church established the defendant college in 1856.

Throughout the existence of this college the Church has supported it. This college has acknowledged the domination over it of the Church. Pursuant to the provisions of the articles of incorporation of the college, its trustees have been elected triennially by the co-operating annual conferences of the Church. During this time the organic law of the Church, the Church Discipline, under and subject to which this college was created and supported by the Church, has provided and still provides that no college shall be discontinued, relocated, or consolidated with any other without the consent of the Board of Education of the Church. And now the trustees of this college, and the college itself, created and supported as it has been by the Church as part of its religious, benevolent, and educational work, without the consent of the Board of Education of the Church and in violation of its organic law, the Church Discipline, under which this college was created and fostered, purposes to take its endowment fund of $200,000 and its campus away from the Church, and from its religious and educational work, and give them to others. None of the authorities cited sustain such a course of action. It is unjust, inequitable, and it presents a good cause of action for relief in equity.

Let the decree of dismissal be reversed, and let this case be remanded to the court below, with directions to permit the defendants to answer the bill, if so advised.