McWILLIAMS et al. v. HOPKINS et al.

(District Court, S. D. California, S. D. March 22, 1926.)

No. 2076–J.

1. **Courts** ⊙⇒281—Federal court has jurisdiction of action to determine rights of oil lease and for appointment of receiver, depending on California statutes, where diversity of citizenship exists and requisite jurisdictional amount is involved (Judicial Code, § 24 [Comp. St. § 991]; Code Civ. Proc. Cal. § 1060).

Under Judicial Code, § 24 (Comp. St. § 991), federal court has jurisdiction of action, under Code Civ. Proc. Cal., § 1060, authorizing declaratory relief, to determine rights to oil lease and for appointment of receiver, where diversity of citizenship exists and requisite jurisdictional amount is involved.

2. **Courts** ⊙⇒281—A "suit" is prosecution of claim, demand, or request for purpose of being put in possession of right claimed by one who has been deprived thereof (Judicial Code, § 24 [Comp. St. § 991]).

A "suit," within Judicial Code, § 24 (Comp. St. § 991), relative to jurisdiction of District Courts, is the prosecution by a party of some claim, demand, or request in a court of justice, for the purpose of being put in possession of a right claimed by him, and of which he was deprived.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

3. **Receivers** ⊙⇒16—Condition of fraud and deceit, and showing that, until determination of rights under contract, plaintiff may suffer loss and depreciation of remedy which may finally accrue to him, support petition for receiver.

A condition of fraud and deceit, and showing that, until rights of parties under contract are determined, plaintiff is likely to suffer loss and depreciation of remedy which may finally accrue to him, present facts of equitable nature sufficient to support petition for receiver.

4. **Trial** ⊙⇒11(1).

Where matters of law and of equity are commingled, action will generally be classed on equity side.

5. **Courts** ⊙⇒310—Federal court will retain jurisdiction, though, if others were made parties, action would not be uniformly between citizens of different states, where it does not appear that they are indispensable parties.

Where it did not appear that lessors were indispensable parties to action between lessee

and assignee of lease to determine rights thereunder, the fact that, if they were made parties, action would not be uniformly between citizens of different states, will not defeat jurisdiction of federal court.

**6. Abatement and revival ⊜12—Judgment of state court, in action still pending on appeal, is not ground for abatement of action in federal court.**

Judgment of state court, in action between lessee of oil lease and assignee thereof, pending on appeal, is not final, and is not ground for abatement in federal court of action by lessee for determination of rights under lease and for appointment of receiver.

In Equity. Action by C. H. McWilliams and others against G. A. Hopkins and another. On motion to dismiss and demurrer to the bill of complaint, and on application of plaintiffs for appointment of receiver pendente lite. Motion to dismiss denied, demurrer overruled, and motion for receiver granted.

Moore & Farraher, of Los Angeles, Cal., for plaintiffs.

W. T. Craig, of Los Angeles, Cal., Carter & Webster, of Pasadena, Cal., and Clarke & Bowker, of Los Angeles, Cal., for defendants.

JAMES, District Judge. Motion to dismiss the bill of complaint. Demurrer to the complaint. Application of plaintiffs for the appointment of a receiver pendente lite.

. This action is brought for the purpose of securing a judgment determining the rights of the plaintiffs against the defendants to oil being produced from a well operated by defendant Hudson. Plaintiff McWilliams was the lessee named in a certain lease .entered into by John S. Baker and Julia M. Baker, owners of the land upon which the oil well was drilled. The remaining plaintiffs have acquired interests by transfer from McWilliams. So far as the questions necessary to be discussed at this time are concerned, McWilliams, the original lessee, may be referred to as though he were the sole plaintiff.

By the allegations of the complaint it is asserted that McWilliams, having acquired from the Bakers the right to drill for oil on the land involved—the lease being in form one for use upon a royalty basis—transferred to H. S. Howland and G. A. Hopkins, copartners, the right given by said lease to drill the land for oil upon certain conditions. After a producing well was obtained on the property, Hopkins, in the name of the partnership of Howland & Hopkins, made a transfer of partnership rights to Hudson, his father-in-law. Hudson has claimed, by reason of the latter transfer, to own the oil, free from any obligation to pay to McWilliams the consideration specified in the instrument of transfer made by McWilliams to Hopkins & Howland. On the other hand, it is claimed by McWilliams that the right of Hopkins & Howland to operate any producing wells that they might secure on the property was subject to and contingent upon there being rendered a continuing royalty payment, which royalty condition preserved to McWilliams the proportionate interest in the oil product.

It appears by the allegations of the complaint that, after the alleged assignment from Hopkins &· Howland to Hudson was made, Hopkins absented himself and avoided service of any process, and that he has disobeyed a subpœna issued out of this court, requiring his appearance as a witness in matters connected with this controversy. It also appears by such allegations that defendant Hudson has no property in the state of California that plaintiffs have been able to .discover, and that moneys collected by him are deposited in the city of New York in his wife's name, and that all checks delivered by him are signed by his wife and drawn against such deposit. It is alleged that the transfer made by Hopkins & Howland to Hudson was not made in good faith, nor upon any consideration, but was made with full knowledge of the conditions of the contract of assignment between McWilliams and Hopkins & Howland. Further, that the assignment to Hudson was made pursuant to a conspiracy entered into between Hopkins and Hudson to defraud the plaintiffs of their share of the oil produced from the well. It is further alleged that Hopkins, after being served with a subpœna to attend the hearing in this court, departed from the state and went to Canada, where it is alleged he still remains; that an involuntary petition in bankruptcy has been filed against the said Hopkins. The prayer of the complaint is that the rights of McWilliams and his coplaintiffs in the leased premises and in the oil produced therefrom be determined, and that, pending judgment herein, a receiver be appointed to take charge of the oil well and hold the proceeds derived from sale of its product.

Section 1060 of the Code of Civil Procedure of the state of California contains provisions authorizing the bringing of an action to secure "declaratory relief." Provisions of that section, as they are important here, are as follows:

Section 1060, C. C. P.: "Any person interested * * * under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, * * * property, * * * may in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. *He may ask for a declaration of rights or duties, either alone or with other relief;* and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

It will be noted that the rights of parties which are in dispute under the terms of a contract, or with respect to an interest in property, may, by action authorized by the Code section, be determined separately or in connection with a prayer for other relief affecting the subject. These provisions authorize incidental remedies, in aid or extension of the declaratory judgment, including injunction or the appointment of a receiver.

[1, 2] The question is first presented as to whether the federal courts have jurisdiction of the action, authority for which depends upon a statute of California. It seems to be settled by the decisions that, where a substantial right is conferred under the law of a state, which right is of such a nature as between contending parties that an adjudication can be made in a court of justice, the federal courts will adopt such practice as is open to them, under either the forms of law or equity, and render a judgment, provided diversity of citizenship exists, and the requisite jurisdictional amount is involved. Section 24 of the Judicial Code (Comp. St. § 991) gives the District Court jurisdiction in "suits of a civil nature." A suit is " * *·* * the prosecution by a party of some claim, demand or request in a court of justice for the purpose of being put in possession of a right claimed by him and of which he was deprived." La Abra Silver Mining Co. v. United States, 20 S. Ct. 168, 175 U. S. 423, 44 L. Ed. 223. When the proceeding possesses the characteristics and elements of a judicial controversy, it answers to the description of a "suit." Gaines v. Fuentes, et al., 92 U. S. 10, 23 L. Ed. 524; Road District v. St. Louis, etc., 42 S. Ct. 250, 257 U. S. 547, 66 L. Ed. 364.

The only real limitation is that it must be between persons or parties, with the result that it settles an issuable dispute, and not have its effect purely in rem—as in the probating of a will. As to the latter proceeding, no adversarial interest between parties is intrinsically involved. The right sought to be established need not have existed at common law, or in contemplation of established equitable doctrine. If it is a new right, an appropriate remedy will be found to fit it, if such is accessible under available practice. It is so held by Judge Taft in the Road District Case cited. The following cases, recently decided, are in point (the opinions contain reference to a number of decisions which support the claim of plaintiffs that they have stated a case within this court's jurisdiction): Klein v. Wilson & Co. (D. C.) 7 F.(2d) 772; Grover v. Merritt Development Co. (D. C.) 7 F.(2d) 917.

[3, 4] Whether the action for declaratory relief be classed as one strictly in law seems immaterial. A condition of fraud and deceit, and a showing that, until the rights of the parties under their contract are determined, the plaintiff is likely to suffer loss and depreciation of the remedy which may finally accrue to him, present facts of an equitable nature, which will be sufficient to support the petition for a receiver. Where matters of law and matters of equity are commingled, the action will generally be classed on the equity side. Schell v. Leander Clark College (C. C. A.) 2 F.(2d) 17.

If, upon the face of the provisions of the instrument of transfer, executed between McWilliams and Howland & Hopkins, it can be said that beyond question McWilliams parted with all right to the oil produced from the well operated on the ground, other than to have, as a personal obligation of Howland & Hopkins, a certain consideration rendered him, then a receiver should not be appointed. That question, to my mind, is clearly one which may be debated. Continuing obligations are imposed upon Howland & Hopkins, and in some contingency the copartnership is authorized to terminate the further ·development of the property. McWilliams did, it is true, pass to Howland & Hopkins the different rights that he had secured from the owners of the property to drill it for oil; but he passed those rights on subject to similar conditions as to royalty

as he had engaged to keep with the owners, such last conditions being in addition to those requiring tribute to be rendered to the latter.

Plaintiffs are entitled to be heard before a construction is imposed on their contract which will deprive them of the percentage of the oil which Howland & Hopkins agreed to deliver or pay to them. And in this case a prima facie showing is made, from which it must be said that, unless a receiver is appointed, the plaintiff will suffer the loss of that which he is entitled to in the way of income from oil sales received prior to the entry of any judgment which he may secure. An injunction against the operation of the well, which might accomplish the same result, is undesirable, in view of the allegations that it will be to the best interests of all concerned to keep the well on active production.

[5] The claim is also made that the Bakers, who were the original lessors, are indispensable parties defendant, and that their being brought into the action would take away the jurisdiction of the court, as the action would not then be uniformly between citizens of the one state on the one side and citizens of another state on the other. It does not yet appear that the Bakers are indispensable parties; hence that question must be resolved against the defendants.

[6] In the affidavits filed in opposition to the showing of plaintiffs on the application for the appointment of a receiver, it appears that in an action between the same plaintiffs and Hudson and Hopkins, tried in the superior court of Los Angeles county (Hopkins not appearing nor being found), the superior judge determined, under the particular contract here involved, that plaintiffs had no interest in the oil. That decision, so far as can be understood from the pleadings and judgment, was a direct adjudication against the very construction that plaintiffs are seeking to have enforced in this action. Judgment in that action is not yet final, and the cause is pending on appeal. If affirmed on appeal, that adjudication will be considered binding here; but, until it is final, it is a cause pending, and not ground for abatement in the federal court. Counsel for plaintiffs have cited decisions of the Supreme Court clearly establishing that law.

The motion of defendants to dismiss the complaint will be denied. The demurrer to the complaint will be overruled. The motion for the appointment of a receiver pendente lite is granted. The receiver will be hereafter selected, and it is suggested that some person competent to manage the operating of the oil well be agreed upon by the parties. The terms of the order defining the authority and duties of the receiver will be hereafter settled, and as to that matter also it is desirable that the parties agree.